IN THE DISTRICT COURT OF THE UNITED STATES

DISTRICT OF COLORADO SPRINGS

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2017 AUG 25 PM 5: 06

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

## '17 - CV - 02058

In re: Guardianship of Delmer McFarlin

   Respondent in error / *'real party in interest,'*

and;

Robin McFarlin/McCandless/Guardian

        (blood by proxy) / Petitioner,

vs.

STATE OF COLORADO CORP., *sub silento,*
and; COLORADO DEPARTMENT OF HUMAN
SERVICES CORP., *sub nom,* and; FREMONT
COUNTY ADULT PROTECTIVE SERVICES
CORP. (CAPS) *sub nom,* and; KELLY
BROOMFIELD *ens legis,* a.k.a. Kelly
Broomfield  and; CATHOLIC HEALTH
INITIATIVES COLORADO FOUNDATION,
*sub silento,* d.b.a. CENTURA-ST. THOMAS
MORE HOSPITAL PROGRESSIVE CARE
CENTER *sub nom,* and; PARKVIEW
FOUNDATION INC., *sub silento,* d.b.a.
PARKVIEW HOSPITAL - MEDICAL CENTER
*sub nom,* and; COUNTY OF PUEBLO
COLORADO ADULT PROTECTIVE SERVICES
CORP., *sub nom,* and; JENNIFER WHITEMAN
*ens legis,* a.k.a. Jennifer Whiteman and; SSC
PUEBLO OPERATING COMPANY, LLC d.b.a.
MINNEQUA MEDICENTER CORP., *sub nom,*
and; RUBY ANN PRATT *ens legis,* a.k.a. Ruby Ann
Pratt, and; RAYMOND L. HOLT *ens legis,* a.k.a.
Raymond L. Holt and; GERRY MAY HOLT *ens legis,*
a.k.a. Gerry May Holt and; Jane or John Does
1 thru 25 Et Al,

                Respondent(s)

_____/

CS No. _____

St Rm. CS No. D512017PR30259

Rel. St. Cl. CS No.  2017 PR 28 .

Rel. ST. Cl. CS No.  16C 001286

FILE ON DEMAND

EMERGENCY PETITION FOR
 DECLARATORY AND
INJUNCTIVE RELIEF
PURSUANT TO PUBLIC
LAW 89-97-MEDICAID ACT
AND FRCP RULES 57 & 59

FEDERAL JURISDICTION
28 USC §§ 1331; 1367

CREATION OF REMEDY
28 USCA § 2201

CONSTITUTIONAL &
FEDERAL QUESTIONS

RIGHT OF REVIEW
5 USC § 702

NON-SUIT

Agent Initials Affixed _____ To Guard Against Page Substitution    1 | P a g e

## PRELIMINARY STATEMENT

This is an action for declaratory and injunctive relief to obtain review of the CoPetitioner/father – Delmer Dale McFarlin's (an elderly "at risk" individual's) continued placement in a rehabilitation facility, i.e. MINNEQUA MEDICENTER without the approval of Guardian - Robin McFarlin/McCandless's (POA)(blood by proxy) knowledge or consent. Whether so-called - mandated reporters are covering up for the abusers at this facility which constitutes grounds for EMERGENCY INJUNCTIVE RELIEF and whether the STATE OF COLORADO CORP., *sub silento*, can interfere in a private civil rights of the parties in privity, i.e. contractual obligation in violation of Article 1 § 10 of the u.s. federal Constitution.

A Notice of Removal to a Federal Forum in Fact has been filed in the state action re, CS No. D512017PR30259 pursuant to 28 USC § 1443; (1440-1448) whereas, Applicant / Nominee's Petition, lacks both standing and *in personam* jurisdiction on a 'threshold' issue that must be met prior to invoking subject-matter jurisdiction. Therefore, the STATE OF COLORADO CORP., *sub silento*, via a purportedly valid Application submitted by the DEPARTMENT OF HUMAN SERVICES       CORP., *sub nom*, and/or any claim by Nominee - Respondent/RAYMOND L. HOLT *ens legis* a/k/a Raymond L. Holt in said Application for Guardianship submitted under the guise of any assignment of rights specific, i.e. Irrevocable Power of Attorney (POA) assigned by purported wife Respondent/RUBY PRATT *ens legis*, a/k/a Ruby Pratt

was filed in the wrong venue thus, making commencement of those proceedings <u>void</u> under FRCP Rule 60(b)(4) and in violation of the (*first in time*) (*first in line*) provision, primary place of abode provision, and the definition of a qualified person provision pursuant to Title 23 C.R.S. 23-7-102.

> Statute 23-7-102 Definitions: (9) *"Qualified person" means a person qualified to determine his or her own domicile. A person over the age of twenty-two years…"*

Whereas, CoPetitioner/McFarlin was/is a bona fide resident of CANON CITY-FREMONT COUNTY, CO <u>not</u> PUEBLO COUNTY, CO.; is under a legal disability affirmatively established under the provisions of the American's with Disabilities Act (ADA). (See definition – capacity assessments by the FREMONT COUNTY PUBLIC HEALTH AGENCY (FCPHA)).  CoPetitioner/McFarlin has <u>not</u> been a resident of PUEBLO COUNTY for at least 6 months prior to the PUEBLO COUNTY COURT'S CORP., *sub nom*, acceptance of the Application for Guardianship via the 'dilatory animus' of either 'state actors' - JENNIFER WHITEMAN *ens legis*, a/k/a Jennifer Whiteman who is worker employed with COLORADO ADULT PROTECTIVE SERVICES (CAPS) of PUEBLO COUNTY and co-hort Respondent/KELLY L. BROOMFIELD *ens legis,* a/k/a Kelly Broomfield who is a worker employed with COLORADO ADULT PROTECTIVE SERVICES (CAPS) of FREMONT COUNTY and/or unlawful intervention by Respondent/Raymond L. Holt - CoPetitioner's ½ brother, working in collusion with Respondent/Ruby A. Pratt since the parties to the 'case or controversy's' information was denied by the Clerk of Courts in an action

that's been slated for removal in violation of C.R.S.24-72-200 Part 2 "Colorado Open

Records Act" (CORA). As such, all conditions precedent have been met and removal

to a federal forum is proper. (See Exhibit - _____.)(Notice of Removal)(Exhibit -

_____.)(Docket Page)


## FEDERAL QUESTIONS


CAN A STATE COURTS JURISDICTION BE LAWFULLY INVOKED UNDER THE GUISE OF AN ADMINISTRATIVE "EXECUTIVE URGENCY" FOR THE BENEFIT OF REVENUE ENHANCEMENT UNDER PUBLIC LAW 89-97 – MEDICARE / MEDICAID ACT WHEN THE REAL PARTY IN INTEREST HAS PRIVATE INSURANCE COVERAGE?

CAN AN ADMINISTRATIVE LAW COURT VIOLATE PROCEDURAL DUE PROCESS ON A THRESHOLD ISSUE THAT AFFECTS COPETITIONER'S SUBSTANTIVE RIGHTS CITED IN THE CASE OF MATHEWS V. ELDRIDGE, 424 U.S. 319 (1976)

CAN AN EMPLOYEE OF THE COLORADO CLERK OF COURTS OPERATIONS CORP., *sub nom,* DENY ANY MEMBER OF THE PUBLIC OR A PARTY IN PRIVITY ACCESS TO PUBLIC RECORDS IN VIOLATION OF COLORADO PUBLIC RECORDS ACT (CORA)?


## CONSTITUTION QUESTIONS


CAN A STATE AGENCY OR PARTY FILE A CHOSE IN ACTION & INTERFERE IN THE PRIVATE RIGHTS OF INDIVIDUALS PRIVATE CONTRACT AND IN SO DOING, DO SUCH ACTIONS RISE TO THE LEVEL OF A CRIMINAL ACT?

CAN ANY EMPLOYEE OF A STATE AGENCY OR PARTY UNTILIZE THIS METHODLOGY TO VIOLATE THE U.S FEDERAL CONSTITUTION AND ANY APPLICABLE PROVISIONS UNDER THE STATE CONSTITUTION CONTRARY TO PUBLIC POLICY MANDATES AS A MATTER OF LAW?

## JURISDICTION

2.      This action arises under the U.S. Constitution, the American's With Disabilities Act (ADA); 42 USC §§ 12101-12213 and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq.  This Court has jurisdiction pursuant Art. I, § 10, Cl. 1; Art. II § Cl. 1, whereas, Guardian seeks relief in an Article III § 2 - U.S. Constitutional Court under the provisions at common law.  This Court may also exercise jurisdiction pursuant to 28 U.S.C. § 1331, or its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

## VENUE

3.      Venue lies in the DISTRICT OF COLORADO, the judicial district pursuant to 28 U.S.C. § 1391. CoPetitioner/father is temporarily being warehoused and abused by employees at MINNEQUA MEDICENTER located in PUEBLO COUNTY against his wills or desires and such temporary placement cannot be used as a means to lawfully invoke the State courts jurisdiction/venue under any presumption or legal theory, i.e. Respondent in error/CoPetitioner was found to be residing within the county OR acquiescence of any purported implied consent, voids the entire cause of action as a matter of law. re, CS No. D512017PR30259. (See Exhibit - _____.)

Agent Initials Affixed _____ To Guard Against Page Substitution    5 | P a g e

(Forensic Evaluation & (See Exhibit - _____.) (In Camera Photos-Under Seal) This is

an <u>EMERGENCY</u>!

### EMERGENCY PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO PUBLIC LAW 89-97; MEDICARE / MEDICAID ACT & FRCP RULES 57 AND RULE 59

**COMES NOW**, Robin McFarlin/McCandless (blood by proxy) hereinafter Guardian,

having a vested interest as a party in privity, of CoPetitioner/father/Delmer Dale

McFarlin, hereinafter (CoPetitioner). Guardian is the bona fide pre-appointed legal

Guardian with full durable power of attorney (POA) to stand in the stead of

CoPetitioner without Counsel or Legal Representation and files this <u>Emergency</u>

<u>Petition for Declaratory and Injunctive Relief.</u> Guardian for and on behalf of

CoPetitioner poses the following "Questions in Law" for this Honorable Court and

next presiding ON DUTY Judge, to compel The STATE OF COLORADO CORP. ET

AL, (*sub silento*) hereinafter "Respondent(s)" to answer. This Honorable request and

lawful demand for declaratory and injunctive relief is being brought pursuant to public

policy provisions under PUBLIC LAW 89-97 - MEDICARE/MEDICAID ACT and

F.R.C.P. Rules – 57 & 59 which is of grave concern to the fundamental rights and/or

proprietary interests of both CoPetitioner and Petitioner/Guardian's fundamental

property rights and/or proprietary liberty interests whereas, any application of the

federal courts 'domestic relations exception' would negate this courts responsibility

not only to define but police and protect the elderly against violations of u.s. federal

public policy mandates and assure the integrity of the public fisc, as applied to any States (cases or controversy) requirement, being deemed by Petitioner/Guardian & CoPetitioner as overly broad, vague, overreaching and violative/repugnant to the REPUBLIC OF COLORADO, once *dejure* Constitution, which are not in harmony with the u.s. federal Constitution and states the following:

## I - FEDERAL CLAIMS AND JURISDICTION

Guardian and CoPetitioner's alleges, that this case is properly before the court on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).

1.     The federal question jurisdiction is premised upon public policy mandated statutory provisions under PL 89-97 specifically, Medicare/Medicaid Act. Therefore, Guardian and CoPetitioner in requesting the District Court of the United States to accept said Petition under its supplemental authority pursuant to 28 USC § 1367 statutorily defined:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

## CONSTUTIONAL CHALLENGES

Guardian and CoPetitioner's Constitutional claims are affirmatively grounded under ARTICLE 1 § 10 recitations include but not limited to:

> *"The constitution of the United States declares that no state shall pass any law or bill of attainder, ex post facto law, or law impairing the obligation of contracts or grant any title of nobility.'*

## OPENING STATEMENT

This lawful demand for declaratory relief is "<u>FILED ON DEMAND</u>" into the "district court of the united states" under Title 28 USC § 1331. Petitioner/Guardian believes this is the proper court of record to address these issues since, CoPetitioner is being unlawfully deprived of his rights, life and liberty interests and is needlessly suffering irreparable harm and injury at the behest of those employed within the MINNEQUA MEDICENTER located at: 2701 CALIFORNIA, PUEBLO, CO 81004. This (case or controversy) involves Respondent's violations of public policy mandates, mandatory reporter violations and Respondent in error/CoPetitioner – Delmer McFarlin's rights to 'choice of forum' selection under Tile 28 USC § 1442 in this non-suit. (1440-1448)

Petitioner/Guardian for and on behalf of CoPetitioner comes before this Honorable Court as having all fiduciary powers and duties to execute this action. She is relying on the federal provisions of public policy under Public Law 89-97 under Title XVIII - Medicare Act and XIX – Medicaid Act of the Social Security Act (1935) (as amended) initiated by the Congress of the United States (1995) to bring this action before the Court.  Neither Petitioner/Guardian nor CoPetitioner/Delmer McFarlin are **Bar Attorneys**; **licensed** in any State to **practice law**, he is **NOT** acting as **Counsel** or **Attorney** but as the rightful owner of said claim who has standing to bring this emergency petition pursuant to The Judiciary Act (1789); 1 Stat. § 35.

## I. - AMERICANS WITH DISABILITIES ACT

### FEDERAL LAW, US CODE ANNOTATED

This Honorable Court can take judicial cognizance of the fact that Congress, in its infinite wisdom, in (1990) passed the American's With Disabilities Act (ADA) which was premised upon the Rehabilitation Act (1973). The impetus for the (ADA) grew out of the Civil Rights Movement of the 1960's. This federal legislation prohibited discrimination against someone with a 'disability' by anyone receiving federal assistance. At that time, Washington, DC also declared therein the terms of the (ADA) to be the official express policy of the United States.  Your undersigned Respondent in error/CoPetitioner / Delmer McFarlin is handicapped and disabled. He suffers from

and at all times material hereto, does suffer the crippling, devastating effects of this handicap and disability. The Americans with Disabilities Act, Title 42 US Code Annotated, Sections 12101-12213 specifically prohibits discrimination against any person with a disability and/or their advocate. This statute applies to both private and governmental entities.

## II. RULE 57 - DECLARATORY JUDGMENT

The procedure for obtaining a declaratory judgment pursuant to §§ 2721.01 to 2721.15, inclusive of the Revised Code, [Effective: July 1, 1970] that is in accordance with these rules. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may set for hearing and advance on the trial list an action for a declaratory judgment to hear ancillary matters where the actions share a common nucleus of operative facts set-forth in a pending action currently before the COLORADO CIRCUIT COURT (*sub nom*) re, CS No. D512017PR30259, within the 10th JUDICIAL DISTRICT.

The "controversy" must necessarily be "of a judiciable nature thus, excluding an advisory decree upon a hypothetical state of facts." (paraphrased from P. 325 of the Certiorari) *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, 699 (1936). "The existence or nonexistence of any right,

duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared. We do not question the general proposition that when federal law actually conflicts with state law, federal law controls". See e.g. *E Vanguard Forex, Ltd v. Ariz. Corp.* 206 Ariz. 399, 405, ¶ 18, 79 P. 3d 86, 92 (App. 2003). fn4.

### III. CAUSE OF ACTION

The CoPetitioner via Guardian is filing for a declaratory judgment and injunctive order with this Court, against Respondent's Et Al., under Rule 57 and /or RULE 59 as cited above, posing the following "Questions" under Title 28 United States Code, § 1331; Federal Public Policy provisions under Public Law 89-97; & Constitutional Questions so, that we may have a full understanding of nature and cause of action and the applicability of any fundamental rights, privileges or immunities  secured by Constitution or Statute which must be in 'harmony' with common-law principles in order to rebut the presumption of implied consent of any case or controversy brought before any body politic (*sub silento*). In fact, Guardian on behalf of CoPetitioner has filed a Lawful Demand for Removal to a Federal Forum in Fact with THE HONORABLE - GILBERT ORTIZ C.P.A., Clerk of the 10th Judicial District Court, in and for Pueblo County, CO, Pueblo County Courthouse, 215 W. 10th Street, Pueblo, Colorado 81003.

This is CoPetitioner's statutory remedy for the determination of a <u>judiciable controversy</u> where the <u>CoPetitioner</u> is in **doubt** as to his **legal rights** whereas, CoPetitioner is seeking the following:

i. A binding adjudication of the rights and status of litigants even though no consequential relief is awarded.

ii. CoPetitioner and Guardian both having a legally protectable interest in the subject of the litigation, and seeks a declaratory judgment after a <u>legal controversy has arisen</u> where this court can conduct a *'choice of law'* analysis to determine whether common-law and the u.s. federal Constitution are superior to Respondent(s) 'bad faith' pendante State claims when neither the STATE OF COLORADO CORP *sub silento*, any of its agencies, assignees or sub-units and/or Respondent/RUBY A. PRATT *ens legis*, a/k/a Ruby Pratt 'an individual' and/or co-hort Respondent - RAYMOND L. HOLT *ens legis*, a/k/a Raymond Holt 'an individual' - subject/nominee, have standing to suit in the instant action which is barred by Article 1 § 10 of the u.s. federal Constitution which also violates public policy under the Medicare/Medicaid Act, Public Law 89-97. See *Gorsey v. I.M. Simon & Co. Inc.*, 121 F.R.D. 135, 140 (D.Mass.1988) *Id.* at 558.

iii. CoPetitioner understands that a declaratory judgment differs from other judicial rulings in that it does not require that any action be taken. Instead, the Judge, after analyzing the controversy, simply issues an opinion declaring the rights of the parties involved. However, the next ON DUTY Judge has the discretion to issue Injunctive Relief and appoint a 'Special Master' to investigate any wrongdoing in emergency situations such as this, where exploitation & abuse or neglect of a 'patient' currently being warehoused within a facility of this State, i.e. MINNEQUA MEDICENTER is violating this States - ELDER LAWS.

iv. These wrongdoers have a known duty, as 'mandated reporters' that is being thwarted/ignored in direct contravention of their "Mission Statement"; corporate By-Laws & <u>COLORADO'S PATIENT RIGHTS POLICY</u>, established under 6 CCR 1011-1 Chap 02-6.104. This States remedial measures implemented by the STATE OF COLORADO CORP., *sub silento,* as advanced directives for all health & wellness agencies, assignees or sub-units involving 'patient care' that must be followed by the employee's thereof, under Colorado Law prior to, not after, petitioning for court intervention under Chapter 26-1. guardianship provisions. (See Exhibit - _____.) (Edler Laws)

v. CoPetitioner and Guardian understands that declaratory judgment may only be granted in <u>judiciable controversies</u>.

### A-1 <u>Defining and Identifying the Respondent in error/CoPetitioner</u>

Respondent in error/CoPetitioner/Demer McFarlin and Guardian/Robin McFarlin/McCandless both are reminding the parties that s/he's not an attorney and not schooled in the law. These Public Policy; State Constitutional; u. s. Federal Constitutional & Common-Law Questions are <u>simple</u> and <u>straight forward</u>.

1.    Is the PUEBLO COUNTY CIRCUIT COURT CORP., (*sub nom*) and the parties thereto, acting upon a natural human being (flesh and blood) "Man or Legal Fiction"?

Response:

_____
_____
_____
_____

2.    Is "Delmer Dale McFarlin" a living breathing Man as the Respondent in error, being brought in an Administrative Law Court or private citizen in the STATE OF COLORADO? __Yes __No

Response:

_____
_____
_____
_____

3.    Is this Honorable Court, next on duty Judge and Respondent's required under the Judicial Canons, FRCP, Professional Ethics to "Correctly Identify"; make "Full Disclosure" and Report any unethical conduct of officers of the court to appropriate authorities in re, CS No. D512017PR30259 committed in the CIRCUIT COURTHOUSE located in PUEBLO COUNTY, COLORADO, if any? __Yes __No

Response:

_____
_____
_____
_____

4.    Did Respondent's Et Al., use "protected personal and private information" in the form of the State issued "Birth Certificate and/or Social Security Number" to identify the Respondent in error/CoPetitioner in that case? __Yes __No

Response:

_____
_____
_____
_____

5.    Are the Revised Statutes/Codes of COLORADO being used in direct violation of CoPetitioner's fundamentally protected rights and/or liberty interests that must be in conformity with the 'Bill of Rights,' derived from the (Magna Charta) & once secured common-law rights under the *dejure* u.s. federal Constitution as against the provisions of Public Policy 89-97? __ Yes __No

Response:

_____
_____
_____
_____

6.    Are the use of 'STAR CHAMBER' proceedings re CS No. D512017PR30259 being employed to unlawfully adjudicate the rights of private individuals as defined in KENNETH CULP DAVIS - Administrative Law Treatise 137 (1970) and is this the legal definition of what constitutes 'secret private administrative law? __ Yes __No

Response:

_____
_____
_____
_____

7.    Did Respondent(s) Et Al., satisfy all three prongs of the three-part "injury-in-fact" test to establish its standing prior to commencement of these private administrative law court proceedings re, CS. No. D512017PR30259 outlined in the case of *Sierra Club v. Hawai'I Tourism Authority ex rel Board of Directors*, 59 P.3d 877? __ Yes __No

Response:

_____
_____
_____
_____

8.    Can CoPetitioner be forced to accept any government compelled benefit? __ Yes __No

Response:

_____
_____
_____
_____

9.    Does Guardian/Robin McFarlin/McCandless (blood by proxy) have any fundamentally protected rights when it comes to the care, custody, and control of her natural biological father? __Yes __No

Agent Initials Affixed _____ To Guard Against Page Substitution    15 | P a g e

If "Yes" What rights is she entitled to as a matter of law?

Response:

_____
_____
_____
_____

### B-1 Defining Jurisdiction and Venue of the "CIRCUIT COURT of PUEBLO COUNTY" in and for the 10th JUDICIAL DISTRICT

1.    CoPetitioner is requesting that the presiding administrative law Judge re, Case No. D512017PR30259 in the CIIRCUIT courthouse, "In re Guardianship of Delmer McFarlin" provide to this court, and make "Full Disclosure" to define whether the methodology being employed by Respondent's Et Al., are being used to deny CoPetitioner(s) relief, is violative of Public Policy Mandates under PL 89-97 - Medicare/Medicaid Act? __Yes __No

Response:

_____
_____
_____
_____

2.    Did the COLORADO ATTORNEY GENERAL violate public policy by allowing Respondent's Kelly Broomfield & Jennifer Whiteman employees identified pursuant to 63C Am Jur 2d § 247, working under color of law/title/office for COLORADO ADULT PROTECTIVE SERVICES CORP., *sub nom*, (CAPS) and did the Colorado Attorney General fail to prudently monitor Respondent's Whiteman & Broomfield's performance under this States - Program Policy Directives that prejudiced advocate Guardian's and CoPetitioner's fundamental rights, liberties and/or proprietary interests which is under the direct supervision of the STATE OF COLORADO CORP., *sub silento*, and the DEPARTMENT OF HUMAN SERVICES CORP., *sub nom*? __Yes __No

Response:

_____
_____

_____
_____

3.      If yes, does this constitute a violation for 'breach of a fiduciary duty' and good faith confidence reposed by Respondent's Et Al., to protect the public fisc as a preclusive effect to suit under 42 USC § 1983? __Yes __No

Response:

_____
_____
_____
_____

4.      If No, then did Respondent's Et Al., render superfluous any future claim of absolute, qualified, legislative or sovereign immunity from suit when the Attorney General for the STATE OF COLORADO CORP. ET AL / Respondents, failed to 'Certify' the Constitutionality of the Acts committed against CoPetitioner and Guardian within the 24 hour period under the Expeditious Act? __Yes __No

Response:

_____
_____
_____
_____

5.      Has CoPetitioner clarified his status as a sovereign 'flesh and blood' man in re, Case No. D512017PR30259 in re, Guardianship of Delmer McFarlin pursuant to the holding in the case of *Russell v. The Men Dwelling in The County of Devon,* 2 T.R. 667, 100 Eng. Rep. 359 (K.B. 1788) Willes, 74, 16 East, 305? __Yes __No

Response:

_____
_____
_____
_____

6.      Does the district courts of the 'united' states have original jurisdiction under Article III §§ 1 & 2 as written in Title 28 USC§§ 1331; 1443; or any other

statutory provision not cited herein, to make a lawful determination of CoPetitioner's and Guardian/advocates rights under the Civil Rights Act (1871); The Judiciary Act (1789), 1 Stat. § 35; and the *dejure* u.s. federal Constitution? __Yes __No

Response:

_____
_____
_____
_____

## C-1 Identifying Federal and State Statutes

1.      Are these Federal/State Administrative Statutes, Codes, Regulations, Policies, Customs or Usage 'inseparably conjoined with federal public policy mandates and "Only" apply to "Agencies, Departments and Employees" of the Federal and State Governments? (See 26 U.S.C. Section 3401(c) Employee)). __ Yes __No

Response:

_____
_____
_____

2.      Do these Federal/State Statutes apply to a "Man, Woman or Private State Citizen"? __ Yes __No

Response:

_____
_____
_____
_____

3.      If yes, does this court have any facts, law or evidence showing that Delmer Dale McFarlin is "Employed" or "Contracted" by an Agency, Department, Municipality and/or performs any services for said 'united' States Federal or State Governments?        __ Yes __No

Response:

_____
_____
_____
_____

4.    If yes, can the Respondents Et Al., produce any "<u>Payroll and Timesheets</u>" records for CoPetitionr/Delmer Dale McFarlin, showing his employment by Federal/State government agencies, assignees or sub-units?  __ Yes __No

Response:

_____
_____
_____
_____

5.    If a "Person" has a SSN, State issued Birth Certificate, Driver's License, pays Federal/State income taxes is s/he considered an Employee/Contractor of the Federal/State Government? __ Yes __No

Response:

_____
_____
_____
_____

6.    Does 42 USC § 402[602] mandate that STATE OF COLORADO CORP., *sub silento*, and all of its agencies, assignees or sub-units, shall follow all laws as a condition precedent for receiving federal funds incentives pursuant to provisions cited in Title XVIII – Medicare Act and/or provisions cited in Title XIX – Medicaid Act under the Social Security Act (1935) as amended? __ Yes __No

Response:

_____
_____
_____
_____

7.    Are Respondent's Et Al. policies, practices, statutes, codes, regulations, customs or usage inseparably conjoined with federal public policy mandates?

__ Yes __No

Response:

_____
_____
_____
_____

8.    Do Respondent's Et Al., policies, procedures, statutes, codes, regulations, customs or usage violate the u.s. Federal Constitution? __ Yes __No

If "Yes" Which ones in specific?

Response:

_____
_____
_____
_____

9.    If any policy, practice, regulation, statute, custom or usage violates the COLORADO STATE Constitution, will this Court declare them a legal nullity as being repugnant to the u.s. federal Constitution? __ Yes __No

Response:

_____
_____
_____
_____

10.    Does CoPetitioner have a right to an 'evidentiary hearing' on all primary, pure, historical, circumstantial, evidentiary or ajudicative facts in law along with parol evidence and other evidence of nature, character, and kind whatsoever, under The Federal Evidence Act (1906) and/or evidence as defined in KENNETH CULP DAVIS ADMINISTRATIVE LAW TREATISE 353 (1958)? __ Yes __No

Response:

_____
_____
_____
_____

11.    It is prejudicial to the proper administration of justice that Respondent's Et Al., via an improper pleading submitted in the PUEBLO COUNTY CIRCUIT COURT, have denied CoPetitioner, Equal Access to Courts of Equity in violation of the (EAJA) by the appointment of a sub-contract 'visitor' and if CoPetitioner is suffering intermittent bouts with 'dementia'; does providing notice only to CoPetitioner and not advocate/Guardian, violate the 'due process' and equal protection clauses under the 5th & 14th Amendments to the u.s. federal Constitution and will the next on duty Administrative Law Judge abide by the (EAJA) to give fairness in this Courthouse?  __Yes__No

Response:

_____
_____
_____
_____


12.    Can CoPetitioner/Delmer McFarlin via Guardian bring the Law i.e. "Statutes at Large", "Congressional Records" United States Constitution" and "Public Laws" into the 'united' STATES DISTRICT COURT is an offensive posture and can the State ATTORNEY GENERAL bring them in support of an oppressive charging instrument? __ Yes __No

Response:

_____
_____
_____
_____


13.    Can the STATE OF COLORADO CORP., *sub silento* - Administrative Law Courts Corp., (*sub nom*) violate Public Policy? __ Yes __No

    If No: Does this entitle CoPetitioner to a new trial on all issues as a matter of right? __ Yes __No

Response:

_____
_____
_____
_____

## D-1 <u>Constitutional Questions</u>

1.     Guardian/CoPetitioner respectfully asks, if this Court takes judicial cognizance of said violations, is this Grounds for Disbarment, pursuant to Title 36 Chapter 705 Foundation of the America Bar under section 70503 Membership (c) - Grounds for Disqualification it states, (1) is a member of, or advocates the principles of, an organization believing in, or <u>working to the overthrow of the United States Government by threat, intimidation, force or violence</u>; or (2) <u>refuses to uphold and defend the Constitution of the United States</u>? __Yes __No

Response:

_____
_____
_____
_____

2.     Is the United States Constitution the Supreme Law of the Land, according to the holding in the case of *Marbury v. Madison*, 5 U.S. 137 (1803) and has this Supreme Court decision ever been overturned? __ Yes _No

Response:

_____
_____
_____
_____

3.     If, the Constitution is the Supreme Law, does it "<u>Trump</u>" Federal/State Statutory law? __ Yes       __No

Response:

_____
_____
_____
_____

4.     If any Federal and/or State "Bar Attorney or Judge as a bar member fails or refuses to uphold, protect and defend a "Person's" Constitutional Fundamental Rights, Privileges and Immunities when asked to do so, is it grounds for Dismissal and Disbarment under Title 36 Chapter 705 "Membership" (C)(1) (2) Foundation of the Federal Bar? __ Yes __No

Response:
_____
_____
_____
_____

## IDENTIFICATION OF THE PARTIES TO THE CONTROVERSY

PETITIONER Robin McFarlin/McCandless (blood by proxy) / Guardian for and on behalf of Respondent in error/CoPetitioner/ Delmer Dale McFarlin "*real party in interest*," has a primary place of abode located at: 1031 ROCKAFELLOW COURT, CANON CITY, CO at or near 81212 and a temporary guest of MINNEQUA MEDICENTER, is the biological father of Petitioner/Guardian/Robin McFarlin/McCandless who's primary place of abode is 1438 US HWY 50, PENROSE, CO at or near 81240. Whereas, CoPetitioner/McFarlin has since been displaced and believed to receive mail at: MINNEQUA MEDICENTER, 2701 CALIFORNIA STREET, PUEBLO, CO 81004, but cut-off from all communications with daughter Petitioner/Guardian/ Robin McFarlin/McCandless.

RESPONDENT - STATE OF COLORADO CORP., *sub nom*, a body politic/assignee and/or sub unit of the *defacto* UNITED STATES CORP., *sub silento*, is deemed to be a 'person' that is subject to suit under the laws of this state with its principle place of business located at: 200 EAST COLFAX AVENUE, DENVER, CO 80203

RESPONDENT - COLORADO DEPARTMENT OF HUMAN SERVICES CORP., *sub nom*, is deemed a 'person' subject to suit under the laws of this state with its primary place of business located at: <u>1575 SHERMAN STREET 8th FL, DENVER, CO 80203</u>

RESPONDENT - FREMONT COUNTY ADULT PROTECTIVE SERVICES CORP., (CAPS) *sub nom*, is deemed a 'person' that is subject to suit under the laws of this state with its principle place of business located at: 172 JUSTICE CENTER ROAD, CANON CITY, CO 81212, PH: (719) 275-2318; FAX; (719) 275-5209

RESPONDENT - KELLY LOUISE BROOMFIELD a/k/a Kelly Louise Broomfield is deemed an 'individual' subject to suit and believed to be a bona fide resident of COLORADO with her primary place of abode located at: 3112 ARROWHEAD DRIVE APT – A, FLORENCE, CO 81226

RESPONDENTS - CATHOLIC HEALTH INITIATIVES COLORADO FOUNDATION d/b/a CENTURA HEALTH - ST. THOMAS MORE HOSPITAL - PROGRESSIVE CARE CENTER is deemed a 'person' subject to suit under the laws of this state with its principle place of business located at: 1338 PHAY AVENUE CANON CITY, CO 81212. Registered Agent: MARGARET SABIN, 1150 Kelly Johnson Blvd, Suite 204, Colorado Springs, CO 80920

RESPONDENT – PARKVIEW FOUNDATION INC., d/b/a PARKVIEW HOSPITAL – PARKVIEW MEDICAL CENTER is deemed a 'person' subject to suit under the laws of this state with its principle place of business located at: 400 W. 16th STREET, PUEBLO, COLORADO 81003. Registered Agent: LISA ANN SIEGEL

RESPONDENT - SSC PUEBLO OPERATING COMPANY, LLC (a foreign registered limited liability corporation established in DELAWARE) d/b/a MINNEQUA MEDICENTER, with sufficient minimum contacts between the forum state and the STATE OF COLORADO, is deemed a 'person' subject to suit under the laws of this state with its principle place of business located at: 2701 CALIFORNIA, PUEBLO, CO 81004; Registered Agent: THE CORPORATION COMPANY, 7700 EAST ARAPAHOE ROAD, SUITE 220, CENTENNIAL, CO 80112-1286

RESPONDENT – COUNTY OF PUEBLO ADULT PROTECTIVE SERVICES CORP., *sub nom*, is deemed a 'person' subject to suit under the laws of this state with its principle place of business located at: 212 W. 12th Street, PUEBLO, CO 81003

RESPONDENT – JENNIFER WHITEMAN *ens legis*, a/k/a Jennifer Whiteman is deemed to be an 'individual' subject to suit under the laws of this state and believed to be a bona fide resident with her primary place of abode located at: 138 E. KIPLING DRIVE, PUEBLO, CO 81007

RESPONDENT – RUBY ANN PRATT - R.N. *ens legis,* a/k/a/ Ruby Ann Pratt (R.N. -caretaker/companion by proxy) is deemed an 'individual' subject to suit under the laws of this state and is believed to be a bona fide resident of COLORADO whose primary place of abode is: 1031 ROCKAFELLOW COURT, CANON CITY, CO 81212

RESPONDENT RAYMOND L. HOLT *ens legis*, a/k/a Raymond L. Holt is deemed an 'individual subject to suit under the laws of this state and is believed to be a bona fide resident of COLORADO with his primary place of abode located at: 2077 BROOKWOOD DRIVE, COLORADO SPRINGS, CO 80918

GERRY MAY HOLT *ens legis*, a/k/a Gerry May Holt is deemed an 'individual' subject to suit under the laws of this state and is believed to be a bona fide resident of COLORADO with her primary place of abode located at: 2077 BROOKWOOD DRIVE, COLORADO SPRINGS, CO 80918

JOHN OR JANE DOES 1 THRU 25 (reserved to amend as identities become known) Et Al. / Respondents.

## BACKGROUND

In answer to the nationwide call to action concerning a federal insurance public health trust for the aged, CONGRESS enacted the Social Security Act (1935). Under the provisions of Title 1 - Grants to States for Old Age Assistance Benefits and Title II – Federal Old-Age Benefits – Old-Age Reserve Account what is commonly referred to as Retirement Benefits/Account. In (1965) the 89th CONGRESS, in its infinite wisdom, redefined its 'lead role,' by passing public law 89-97. The legislation made two amendments to the Social Security Act of (1935). 1) Title XVIII, which became known as <u>Medicare</u>, includes Part A, which provides hospital insurance for the aged, and Part B, which provides supplementary medical insurance. 2) Title XIX, which became known as <u>Medicaid</u>, provides for the states to finance health care for individuals who were at or close to the public assistance level with federal matching funds which transcended down to the local State level.

As a direct result for participation, various States Legislatures initiated numerous remedial measures, i.e. statutes, codes, regulations, policies, procedures,

customs or usage etc., which extended its reach as the enforcement arm, i.e. police power of the federal government by utilizing § 5 of the 14th Amendment.

The STATE OF COLORADO CORP., *sub silento*, its agencies, assignees or sub-units *sub nom*, are active members on the pubic dole for receipt of federal fund incentives, agreeing to follow all laws regarding federal program protocol under its State Implementation Plan (SIP) that created a fiduciary relationship between the federal government and STATE OF COLORADO COPR., *sub silento*, its agencies, assignees or sub-units, that when breached, affects CoPetitoners and Petitioner/Guardian's rights to honest services. See: 42 USC § 402 [602]

## COLORADO'S - STATE IMPLEMENTATION PLAN (SIP)

As a pre-condition of acceptance in the program, a 'conditional acceptance" provision, CONGRESS would enact 42 USC sec'n 402[602] which governs the STATES IMPLEMENTATION PLAN (SIP), an interlocking set of agreement(s) between the    STATE OF COLORADO CORP., *sub silento*, (a body politic incorporate); any of its lawfully authorized agencies, assignees, or sub-units *sub nom*, and the u.s. federal government (a bilateral contract/compact) Governor's Certificate, outlining the STATES fiduciary relationship that COLORADO would follow all laws according to federal Congressional program protocol involving Public Law 89-97, whereas, the (SIP) that was submitted to THE U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES (DHHS) *sub silento*, for approval, outlined the specific

performance measures which must be met by STATE OF COLORADO CORP., *sub silento*, its agencies, assignees or sub-units, i.e. JENNIFER WHITEMAN *ens legis* a/k/a Jennifer Whiteman of the agency known as COLORADO ADULT PROTECTIVE SERVICES CORP., (CAPS) *sub nom*, PUEBLO COUNTY, and/or KELLY BROOMFILED a/k/a Kelly Broomfield of the agency known as COLORADO ADULT PROTECTIVE SERVICES CORP., (CAPS) *sub nom*, of FREMONT COUNTY, who failed to exercise an adequate 'duty of care' thus, having a genuine concern for the rights and property of another in order to remain in full-compliance with federal regulations and public policy mandates under any States Corrective Action Plan (CAP) / measures instituted by the COLORADO AUDITOR GENERAL, if any.

Once the (SIP) is/was accepted by the SECRETARY / (DHHS), the STATE OF COLORADO CORP., *sub silento*, would begin receiving federal fund incentives/benefits commonly referred to as "gifts." (misnomer). See: *New York v. United States*, 505 US 144 - Supreme Court 1992, *Goldberg v. Kelly*, 397 U.S. 254 (1970).

## THE PROBLEM

The problems in this instant action are five-fold. A) - there is a jurisdictional conflict between at least two (2) COLORADO State - sister counties; B) - there is an immediate need/EMERGENCY to remove CoPetitioner/Delmer Dale McFarlin from

an abusive/neglectful treatment center, i.e. MINNEQUA MEDICENTER; C) – there is an immediate need for legal recognition of Guardian-Robin McFarlin/McCandless over CoPetitioner; D) – there is an immediate need for legal recognition that Respondent/Ruby Ann Pratt who claims to be the factual lawfully wedded wife of CoPetitioner/Delmer McFarlin without validation and; E) – there is an immediate need for the appointment of an Conservator/Economic Receiver over CoPetitioner's remaining assets and corpus of his estate held in trust or not by Respondent/Ruby Ann Pratt - R.N., and a proper accounting thereon, under Federal Rules of Evidence (FRE) Rules 902, specifically, Rule 702 and/or CRS Title 15 Article 14- Part 4, for a forensic investigation/analysis of any unlawful transferences of CoPetitioner's assets & liabilities via Respondent/Ruby Pratt, Pratt's heirs, successors or assignees and/or portions unlawfully transferred through CoPetitioner's ½ brother, Respondents / Raymond & Gerry Holt, Holt's heirs, successors or assignees. Therefore, lawful demand for declaratory relief and the appointment of a Conservator/Economic Receiver, who must have at least 10 years experience conducting audit/reviews, within limits, specific to the nature of this cause of action is requested. (See Exhibit - _____.)(Verified Affidavit of Assent to Contract)

ESSENTIAL ELEMENTS OF CLAIM

COMPETING JURISDICTIONS BETWEEN SISTER COUNTY'S

1.    That on August 29, 2016 Petitioner/Guardian filed an emergency verified ex parte application for a civil protection/restraining order (TRO) against Respondent/Ruby Ann Pratt in the FREMONT COUNTY DITRICT COURT re, CS No. <u>16C001286</u> which on information and belief, fell into default through unforeseen scheduling errors. As a direct consequence thereof, the (TRO) has since expired by operation of law. (See Exhibit - ℘ )

It is here that Petitioner/Guardian believes this court should exercise its supplemental jurisdiction under 28 USC § 1367; re, CS No. <u>D512017PR30259,</u> slated for removal, was brought before the wrong jurisdiction/venue. Applicant(s) whether it be the STATE OF COLORADO CORP., *sub nom*, JENNIFER WHITEMAN *ens legis*, a/k/a Jennifer Whiteman of COLORADO ADULT PROTECTIVE SERVICES (CAPS) *sub nom*, in PUEBLO COUNTY or KELLY BROOMFIELD *ens legis*, a/k/a Kelly Broomfield of COLORADO ADULT PROTECTIVE SERVICES (CAPS) *sub nom*, FREMONT COUNTY under the direct supervision of the COLORADO DEPARTMENT OF HUMAN SERVICES (CDHS) *sub nom*, OR suggested nominee CoPetitioner's ½ brother – RAYMOND HOLT *ens legis*, a/k/a Raymond Holt, who all lack standing to bring any action under the (first in time-first in right) provision where said application/petition re, CS No. <u>D512017PR30259</u> is deemed to be frivolous and non-binding under the sham pleading doctrine.  (See FRCP RULE 11 – Improper Pleading)

2. Under the (first in time–first in right) principle, FREMONT COUNTY COURT initially exercised jurisdiction where venue was proper when Petitioner/Guardian/POA filed and was granted the temporary restraining/protective order (TRO) re, CS No. 16C001286, on August 29, 2016. Guardian believes by filing (first in time) she and CoPetitioner are (first in right).

3. That proper venue was affirmatively established within the COUNTY of FREMONT which has been subverted by the applicant(s) In re: Guardianship of Delmer McFarlin re, CS No. D512017PR3025 petition, that was filed in PUEBLO COUNTY CIRCUIT COURT after Respondent's Et Al., utilized an unlawful series of county-to-county transfer acts of/by facilitating a custody switch-a-roo, in order to cover-up criminal negligence and abuse of CoPetitioner/Delmer McFarlin committed on the 'real party in interest' whereas, CoPetitioner continues suffering maltreatment by those (unknown jane or john does) employed at MINNEQUA MEDICENTER. Therefore, the emergency exercise of this Courts jurisdiction for injunctive relief and restraining orders to enjoin and restrain further violations of CoPetitioner' & Petitioner/Guardian's civil and Constitutional rights is requested. This is an EMERGENCY! This facilities license should be revoked. (See Exhibit – _____.)(U.S. NEWS SENIOR CARE REPORT)

4. That being said, on information and belief, CoPetitioner and Guardian thinks, Respondent's/Pratt & Holt are constructively "*framing mischief by law*" of/by an unconscionable scheme in a nepotistic ruse to defraud CoPetitioner through *equitable disseisin* of the rightful portions of CoPetitioner's lifelong estate & Guardian of her rightful portions thereof, less any lawful remainderment of dower, presumed due and owing Respondent/Pratt, that is solely based upon an affirmative finding, that Respondent/Pratt is factually the lawful wedded wife of CoPetitioner to prevent any 'unjust enrichment.'

5. On information and belief Guardian suspects that all assets of CoPetitioner's estate have been rolled-over into the PRATT FAMILY TRUST / ESTATE, incorporating Pratt's family heirs, successors or assignees and/or a combined effort of rightful portions being unlawfully diverted or transmogrified to the ESTATE of RAYMOND & GERRY HOLT whether held individually, severally or jointly through living heirs, successors or assignees or rolled over into a corporation which have otherwise, gone-missing, sequestered, depleted or exhausted.

## STATEMENTS OF FACT

1)      Robin McFarlin/McCandless (Guardian), immediately upon notification, rushed to the aid of CoPetitioner/father/McFarlin and provided much needed assistance to hospital staff who was very instrumentally willing and an active

participant in the recovery and rehabilitation progress of CoPetitioner including, aiding in CoPetitioner's ability to walk and talk again, and function normally. All efforts were considered to be successful by both hospital staff members until Respondent's/Pratt & Holt efforts to sabotage CoPetitioner's chances for a full-recovery and the lack of genuine concern by Respondent's/PRATT & HOLT each time unannounced impromptu visit and/or unexplained encounters at the hospital and later various rehabilitation facilities through ongoing oppressive interference that caused CoPetitioner to needlessly suffer continuing irreparable harm.

2)      As a direct result, CoPetitioner/McFarlin suffered many setbacks (which are still ongoing) during his extended stay at MINNEQUA MEDICENTER, which is why Petitioner/Guardian/McFarlin/McCandless (POA) had to file for emergency protection Temporary Restraining Order (TRO) that was granted a by a Judge in FREMONT COUNTY, CO re, CS No. 16C 001286 that needs to be reinstitued by this Honorable Court as this is an EMERGENCY! (See Exhibit - _____.) (Cover Pages)

3)      Initially the (TRO) was against Respondent/Pratt re, CS No. 16C 001286 leaving out CoPetitioner's ½ brother – Respondent/Holt or any other parties now, suspected of collusion which now includes, JENNIFER WHITEMAN *ens legis*, a/k/a Jennifer Whiteman an 'individual', employed at COLORADO ADULT PROTECTIVE SERVICES (CAPS), *sub nom*, located in PUEBLO COUNTY, CO & KELLY BROOMFIELD *ens legis*, a/k/a Kelly Broomfield an 'individual', employed

at COLORADO DEPARTMENT OF HUMAN SERVICES CORP., *sub nom* located in FREMONT COUNTY, CO since, it wasn't known at the time, who all the players were nor the extent of the collusion between the 'state actors' operating under color of law/authority/title by those employed within the COLORADO DEPARTMENT OF HUMAN SERVICES CORP., (CDHS) *sub nom*, which is under the direct supervision of the STATE OF COLORADO CORP., *sub silento*, (a body politic incorporate), all-the-while hiding behind their corporate *defacto* alter-ego status.

4)      Guardian used to enjoy a consanguitous relationship with CoPetitioner/father until Respondent/Pratt came into CoPetitioner's life. Guardian once enjoyed under exercised application of the laws of this STATE and the united STATES, various intangible and tangible familial rights of association but was banned from the visiting the family home - except on a few occasions. Unable to facilitate and exercise any rights or privileges proved futile since, Respondent/Pratt had care, custody and control over CoPetitioner's personal life & business affairs that were entrusted to Respondent/Pratt while employed at the CoPetitioner's firm which created a fiduciary covenant that has since been reposed.

## COVENANT OF GOOD FAITH & CONFIDENCE REPOSED

1)      <u>FACT</u>:      Guardian/Robin    McFarlin/McCandless    had    an    at-length discussion about the purported marital relationship between CoPetitioner and

Respondent/Pratt, if any. On information and belief CoPetitioner stated, that Respondent/Pratt applied for employment with CoPetitioner's firm, presented herself as a caregiver/RN who quickly obtained CoPetitioner's trust in confidence, believing that Respondent/Pratt was being forthright, Respondent/Pratt never indicated to CoPetitioner that she was in fact, married or widowed, unable to lawfully marry and gave no explanation as to why she was unavailable to marry so, CoPetitioner was of the opinion that pursuit of a relationship might be in order but certain material facts have since arisen which may give rise of/by criminal charges being filed by the COLORADO DISTRICT ATTORNEY'S OFFICE not only against Respondent/Pratt but also Respondents/Jennifer Whiteman & Kelly Broomfield. i.e. Theft by deception (See 18 USC Chapter 63 § 1341 - frauds & swindles on common law principles of contract law. (251 F.3d at 1322-33))

2)   <u>FACT</u>:   It appears that CoPetitioner, after waiting several years to obtain consent from Respondent/Pratt, to lawfully wed, there were exigent circumstances surrounding the sudden demise of her late husband, Mr. Alonso Kuehl - <u>DECEASED</u>.

3)   <u>FACT</u>:   That Guardian conducted a diligent search and inquiry and was unable to locate any marriage license, filed in any court of record within the 50 'united' States. It appears from public records Respondent/Pratt's refusal to lawfully wed CoPetitioner, although now widowed, on information and belief, that Respondent/Pratt has been drawing widowed spouse benefits under deceased

husband's Mr. Kuehl's - Social Security Account since 2005. Whereas, her Driver's License or ID fails to reflect any marital relationship between CoPetitioner and Respondent/Pratt.

4)    FACT:    That the physical care and custody of the properties, checkbooks, credit cards, bank accounts, company vehicles used for  (business and private use), and every private tangible luxury items, collectibles, business assets etc., etc. remained in the possession of Respondent/RUBY ANN PRATT *ens legis*, a/k/a Ruby Ann Pratt or was assigned a possessory interest held by Respondent/Pratt's extended family members, heirs, successors, or assignees, i.e. family trust/estate or through unlawful conversion of assets between Respondent/ Ruby Pratt & CoPetitioner's ½ brother – Respondent(s) / Raymond & Gerry Holt; and/or Holt's heirs, successors or assignees, i.e. Holt's family trust/estate.

5)    FACT:    Guardian finds that Respondent/Pratt and nepotistic relative Respondent/Holt are systematically liquidating in the unlawful execution and transference of as much tangible & intangible equity involving properties acquired through the business (incorporating numerous fixtures and appurtenances affixed thereto, and other valuable income producing assets for valuable consideration to liquidity. i.e. cattle, money/extensions of credit/loans, stocks, bonds, (hard currency, i.e. gold, silver), guns, ammunition, and the likes, belonging to CoPetitioner/father, formerly being held in trust by Respondent/Pratt or currently in the possession of

Respondent/Pratt's extended family, heirs, successors or assignees, or since transmogrified by CoPettioner's ½ brother – Respondent/Raymond & Gerry Holt any heirs, successors or assignees. Whereas, both CoPetitioner and Guardian finds this course of conduct reprehensible, unconscionable and deplorable.

## CONDITION'S PRECEDENT

1. <u>FACT</u>:    That On or about August 3, 2016. CoPetitioner/Delmer Dale McFarlin was airlifted from St Thomas More - Emergency Room, in Canon City, CO and taken to Penrose Hospital Critical Care Unit in Colorado Springs, CO under directives of Respondent-RUBY PRATT; (Pratt) (who claims to be CoPetitioner's lawful wife); and/or proxy where CoPetitioner lay unresponsive in a coma for days CoPetitioner's grave condition was delayed by Respondent/Pratt for approximately three (3) days via claim of having to obtain Guardian's phone number from CoPetitioner's ½ brother – Respondent/ HOLT which was in effect for well over nine (9) years). (See Exhibit - _____.)(Proxy Statement)

2.    <u>FACT</u>:       That on or about August 5, 2016 at approximately 8:00 p.m. Guardian/Petitioner receives notification by phone. Respondent/Pratt states, *"Your father had a heart attack. He was flown to Colorado Springs and is in a coma, Thought you'd want to know."*

3. <u>FACT</u>:   That Guardian/Robin McFarlin/McCandless immediately located and rushed to the hospital, where CoPetitioner/McFarlin was found unresponsive, due to 'septic shock' w/MODS (multiple organ disfunction syndrome) and lay in a coma. Upon arrival Guardian met with the critical care nurse and was being briefed on CoPetitioner's condition when approximately thirty (30) minutes into this Q AND A, CoPetitioner/father/McFarlin, opened his eyes and regained consciousness. For the next three weeks Guardian spent every night at the hospital nurturing and caring for her CoPetitioner/father/McFarlin.

4.    <u>FACT</u>:    On   August   19,   2016   at   approximately   6:00   p.m. CoPetitioner/McFarlin was transported from PENROSE HOSPITAL located in COLORADO SPRINGS, CO to ROCK CANYON – RESPIRATORY AND REHABILITATION CENTER located in PUEBLO, CO.  Denial of CoPetitioner's Medical condition and information by hospital staff, prompted Guardian to immediately leave the hospital to retrieve her Durable Power of Attorney's (POA), that CoPetitioner/McFarlin/father had agreed to and signed before a Notary in the spring of 2015. (See Exhibit - _____)(POA)

5.    <u>FACT</u>:    Upon   arrival   at ROCK CANYON, RESPIRATORY AND REHABILITATION CENTER, Guardian found CoPetitioner/McFarlin confused, disoriented and afraid (not knowing where he was or why he was there).  Guardian did not leave CoPetitioner's side the entire weekend. Guardian duly noting, that

neither Respondent's/Pratt & Holt ever made an appearance over the weekend. After that, CoPetitioner/McFarlin made Petitioner/Guardian promise - to never leave him and to never let *"**them hurt him anymore.**"* Them being, Respondents/Pratt & Holt.

6.    <u>FACT</u>:    That Petitioner/Guardian submitted both POA's (to hospital & facility Administration/staff), which was signed in mid-August, 2015. At the time, no lawful changes were made. Hospital staff advised Guardian of concerns that the (Durable Financial & Medical Power of Attorneys) needed validation. At that point, Guardian brought to facility staff's attention that, if anything needed to change with CoPetitioner care, Guardian would notify CoPetitioner's doctor who would thus in turn, alert facility staff.

7.    <u>FACT</u>:    It wasn't until CoPetitioner was being relocated to ROCK CANYON RESPIRATORY AND REHABILITATION CENTER, located in PUEBLO, CO, at the behest of Respondent/Pratt R.N. & Respondent/Holt who instructed hospital staff to withhold information that on information and belief, was later discovered to be the first in a series of cover-up events to deter Guardian's discovery to any lawful entitlement of Guardian's rightful ownership in CoPetitioner/McFarlin's estate or any lawful derivative portions thereof, that may be assigned to Guardian's incorporating equitable share & rightful inheritance that is being plundered, pillaged and looted by Respondent's/Pratt & Holt. Whereas, Guardian/Robin McFarlin/McCandless is the sole heir of CoPetitioner/Delmer Dale McFarlin estate.

8.   <u>FACT</u>:   When Respondent/Pratt finally showed up at the hospital after previously being informed of Guardian's (POA's), Respondent/Pratt immediately drafted a **note of revocation** and a <u>formed</u> her own rescission appointing herself as (POA), evinced by CoPetitioner's unrecognizable signature, i.e. chicken-scratch, forcing CoPetitioner to sign under threat, intimidation, duress & coercion by Respondents/Pratt & Holt. (See Exhibit - _____).

9.   <u>FACT</u>:   Guardian was later informed by hospital staff, that Respondent/Pratt vehemently coerced CoPetitioner to sign while not being of sound mind or body. Respondent/Pratt then, told hospital staff to immediately bar Guardian from gaining access to, and from obtaining any information about CoPetitioner's care, condition and overall well being.  Respondents/Pratt & Holt then, made all the arrangements to permanently admit CoPetitioner/McFarlin into a long term care facility. None of these arrangements were ever discussed with Guardian/McFarlin/McCandless.

10.  <u>FACT</u>:    On information and belief, Respondent/Pratt was preparing to leave CoPetitioner from the onset, hoping CoPetitioner would succumb and expire. Respondent/Pratt is a Registered Nurse (RN) and it is not clear why she asked hospital staff to resuscitate CoPetitioner's - (DO NOT RESUSCITATE ORDER (DNR)) or whether hospital staff failed to HEED the WARNING. A violation of **The Emergency Medical Treatment and Active Labor Act (EMTALA).**

11. <u>FACT</u>:    That CoPetitioner/McFarlin's (DNR) was on already on file at the both CENTURA ST-THOMAS MORE & PARKVIEW HOSPITALS that was violated by hospital staff or ignored at the behest of Respondent/Pratt insistence. Guardian would <u>not</u> receive any further contact from Respondent/Pratt who claims to be the (purported wife) of CoPetitioner/McFarlin as if the knowledge of the veracity thereof, might be called into question.

12. <u>FACT</u>:    While recovering at GENESIS HEALTH CARE –PUEBLO CENTER, CoPetitioner is approached by KELLY BROOMFIELD *ens legis*, a/k/a Kelly Broomfield who conducted a Q & A without Guardian's knowledge or consent about a bill for out-of-pocket expenses, that had CoPetitioner so upset, that he needed to be sedated, which also invoked a red-flag about Guardian, who did nothing more than render aid and arrange for temporary Medicaid coverage through PUEBLO COUNTY COLORADO DEPARTMENT OF HUMAN SERVICES *sub nom*, (CDHS) until an open enrollment period became available for the purchase of additional coverage believed to be PART – B & D expenses, through CoPetitioner's Health Insurance plan.

13.    <u>FACT</u>:    From the onset, Guardian duly noted only three (3) visits by Respondent/Pratt and CoPetitioner's ½ brother-Respondent/Ray Holt. Neither provided any personal hygiene items, clothes or anything else for CoPetitioner's

personal use and still haven't, leaving him once again without any basic needs. i.e. clothes, personal hygiene items etc. Guardian saw to the basic needs of CoPetitioner from this day forward.  Guardian was paying out-of-pocket for CoPetitioner's basic necessities but did borrow from CoPetitioners/McFarlin's bank account, in a limited emergency, to supplement the balance of reimbursibles due to Respondent/Pratt's failure to abide by the terms and conditions cited in item #5 of the temporary restraining/protective order (TRO) re, CS No. <u>16C 001286</u>. Guardian later redeposited those funds as soon as they became available.

14.    <u>FACT</u>:      Respondent/Pratt    never    transferred    over    to    Guardian, CoPetitioner's i.e. check books, bank accounts, credit cards, or list of assets & liabilities etc. Even though Guardian was duly authorized, she never had charge over CoPetitioner's financials, that from the outset, were entrusted to Respondent/Ruby Pratt-proxy/R.N/caregiver, only to be used as the means to devise a scheme in direct contravention of item# 5 of the (TRO) and make it appear that Petitioner/Guardian might be fiscally irresponsible. (See Exhibit - _____) (TRO)

15.    <u>FACT</u>:      Sometime in the beginning of March, 2017 an 'individual' claiming to be Kelley Broomfield/Respondent, who is employed with Colorado Adult Protective Services (CAPS) *sub nom*, in FREMONT COUNTY, visits CoPetitioner and Guardian at the Ranch where we were living at the time. The Ranch is located in FREMONT COUNTY.

16.    FACT:    Respondent/Broomfield of Fremont County Adult Protective services (FCAPS) sub nom, again becomes actively involved, now pushing hard for to put CoPetitioner in a long term care facility. Respondent/Broomfield reports to (FCAPS) that CoPetitioner isn't getting the level of care that he should be getting.

17.    FACT:    At the last minute Guardian was able to hire a live in - private nurse to help with CoPetitioner. Everything was working beautifully until nurse had to go to TEXAS for a funeral. During the interim, Guardian looked into getting CoPetitioner, 'Respite-care'. When out-of-the-blue, the facility called Colorado Department of Human Services, *sub nom*, (DHS) for the file on CoPetitioner, and that's when the erroneous determination by Kelly Broomfield who stated, "that CoPetitioner should be on Medicaid and demanded wound care treatment."

18.    FACT:    When CoPetitioner was later admitted to Parkview Medical Center, *sub nom*, Respondent/Broomfield against lawful demand to produce a valid warrant, continued to haunt CoPetitioner and Guardian by 'case fixing' CoPetitioner's status without Guardian's knowledge or consent, thus, forcing CoPetitioner onto services at Minnequa Medicenter *sub nom*, under an erroneous (Medicaid Pending) - 'needy patient' status, when CoPetitioner still has private insurance. Minnequa Medicenter, *sub nom*, has provided less than below standard 'duty of care' where

CoPetitioner continues needlessly suffering ongoing neglect and abuse. This is an EMModifying EMERGENCY! (See Exhibits - _____.)(In Camera Photos – Under Seal)

19.    FACT:    On March 15th, Petitioner/Guardian signed out CoPetitioner for a picnic with intentions of not returning him to this deplorable place. Petitioner/Guardian took him to Memorial High-Risk Hospital *sub nom*, to be examined as it was suspected that CoPetitioner had a Urinary Tract Infection (UTI) and I wanted him looked at for the bruises and obvious signs of neglect. CoPetitioner and Guardian were interviewed by a Forensic Examiner who later reported the staff at Minnequa Medicenter, to Colorado Adult Protective Services (CAPS) *sub nom*, in Pueblo County and to the Pueblo County Police Department *sub nom*. (Compare: Exhibit - _____) & (Exhibit - _____.)

20.    FACT:    Not two (2) days went by, when Petitioner/Guardian received a call from someone claiming to be JENNIFER WHITEMAN *ens legis*, a/k/a Jennifer Whiteman of COLORADO ADULT PROTECTION SERVICES (CAPS) *sub nom*, in PUEBLO COUNTY, who was reprimanding Guardian for taking her father away from Minnequa Medicenter stating, "*she was going to charge Petitioner with abuse*," that was reported by the Forensic Examiner about the staff abusing CoPetitioner while in their care and custody at Minnequa Medicenter *sub nom*.

21.    FACT:    The following day, Petitioner/Guardian arrived at the hospital to be informed her father CoPetitioner was gone. She immediately requested discharge paperwork and was told they couldn't help me. This is when on information and belief, I suspected the custody switch-a-roo took place, shipping CoPetitioner off to another location so he could heal-up a bit before being brought back to Minnequa Medicenter *sub nom*, to make it appear that he was never abused or neglected in the first instance.

22.    FACT:    Nearly 3 weeks later after that, many failed attempts to contact Respondent/Jennifer Whiteman, about CoPetitioner/Delmer McFarlin's whereabouts proved futile. When I made lawful demand for CoPetitioner's paperwork to the Administration at Minnequa Medicenter *sub nom*, Guardian/Petitioner was escorted off the property.

23.    FACT:    On July 23, 2017 the latest series of events occurred when CoPetitioner was transported to the Emergency Room at PARKVIEW HOSPITAL *sub nom*, having difficulty seeing which might indicate that the 'patient' has II diabetes; drooping on the right side of his face, symptoms typical of septic shock as was duly noted in the ER physician's report.  It appears that Respondent/Pratt & Holt have also managed to pull-off a Power of Attorney (POA) switch-a-roo, as well.

## OTHER FACTS UPON WHICH GUARDIAN & COPETITIONER RELIES

24.    <u>FACT</u>:    Petitioner/Guardian - Robin McFarlin/McCandless, has FULL LIMITED DURABLE FINANCIAL AND MEDICAL - POWER of ATTORNEY over CoPetitioner's / personal and professional business affairs and attached a verified copies of said (POA) to the EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER which the FREMONT COURT Judge graciously GRANTED re, CS No. <u>16C 001286</u> (See EXHIBIT - _____.)

25.    <u>FACT</u>: That a TEMPORARY RESTRAINING ORDER was dismissed November 2, 2016 due to Guardian/Petitioner's unintentional absence from the permanency hearing. Respondent/Ruby Ann Pratt after being duly served in open court violated the mandated provisions of the (TRO) to keep all bills paid but failed to take heed and abide by the recitations contained within the ORDER on more than one occasion. (See below - subsection (a) - Item# 5))

## **THE TEMPORARY PROTECTIVE ORDER RECITATIONS INCLUDE:**

a) Under OTHER PROVISIONS cited in item # 5 since, the impending injunction forces RESPONDENT *to pay and keep current,* CoPetitioner's obligations and lawful responsibilities which Respondent/Pratt failed to do which was/is injuring him in commerce and ruining his once exemplary CREDIT RATING.

b) Enforce the provisions under Item # 2., at the bottom of the paragraph where it states, *"You may not return or remain in any of the above locations after you receive a copy of this order. You are permitted to return to a shared residence one time to obtain sufficient undisputed personal effects to maintain a normal standard of living until the next*

*hearing date ONLY if you are accompanied at all times by of law enforcement officer."*

c) CHECK BOX – *"The restrained person shall not interfere with the protected person ... and shall not engage in conduct that impairs protected person's ... environment."*

AT THE NEXT SCHEDULED HEARING… Guardian/Petitioner/Applicant will dutifully list the address's that I personally have first-hand knowledge of where Respondent/Pratt and Respondent/Pratt's Extended Family Members are currently residing, the location of the business and others valuable assets However, (not all inclusive).

26.    FACT:    Since the original grant of the temporary restraining order which went into default for a mistaken scheduling error, after being banned from the staff at the (HOSPITAL) via unwarranted custody switch-a-roo via COLORADO ADULT PROTECTIVE SERVICES (CAPS) including the staff at MINNEQUA MEDICENTER *sub nom*, who have kidnapped (my father) and keeping him contrary to law and therefore, CoPetitioner/DELMER McFARLIN needs further protections.

27.    FACT:    CoPetitioner is constantly being harassed directly and indirectly (day-to-day); (week-to-week) and (month-to-month) by not only Respondent/Pratt but CoPetitioner's ½ brother-Raymond Holt (Applicant's uncle); who appears to be working in concert directly or indirectly with Respondent/Ruby Ann Pratt; and/or subject nominee Respondent/Holt, along with Respondent/Kelly Louise Broomfield & Respondent/Jenifer Whiteman who effectuated the custody switch-a-roo utilizing this *methodology* in attempts to defraud the u.s. federal government of Title XVIII and/or

Title XIX funds incentives in violation of Public Law 89-97; under the Medicaid/Medicare Act. (See 18 USC §§ 371; 666 & Executive Order - 13520).

28.    FACT:    Said violation(s) were reported to FREEMONT COUNTY SHERIFF - DETECTIVE FRANK DODD on or about the 14th day of October, 2016 in hopes that he would follow through with his investigations of Guardian's assertions of abuse and neglect by Respondent R.N. - RUBY ANN PRATT *ens legis*, a/k/a Ruby Ann Pratt who is a Registered Nurse that failed to exercise reasonably prudent 'care' regarding CoPetitioner's former bout with diabetes, resulting in the amputation of the left foot; approximately four (4) inches above the ankle and ½ of the right foot, midway between the ankle and big toe which warrants further investigation.

29.    FACT:    It was later discovered through local media and public awareness that former Detective - FRANK DODD of the FREMONT SHERIFF'S OFFICE was implicated in the covered up material evidence related to a (cold case) homicide - evidence found in a private warehouse. Detective -DODD has since fled the area and is believed to be residing in the STATE of TEXAS.

30.    FACT:    Guardian/Petitioner filed numerous documents with former Freemont County's Sheriff's Office via Detective - DODD who claimed on at least three (3) occasions that he never received Guardian/Petitioner's documentation. Hence, no investigation, to date, has ever pursued by the Freemont Sheriff's Office.

31.    FACT:    As a retaliatory measure, on information and belief, Respondent/RUBY ANN PRATT confided and coerced CoPetitioner's ½ brother-Raymond Holt, into contacting COLORADO ADULT PROTECTIVE SERVICES (CAPS) who initiated an open investigation of Guardian/Petitioner named herein. This again causes the CoPetitioner needless physical and emotional distress, so extreme, that his rehabilitation and recovery efforts were seriously hampered that affected both his physical and emotional well being.

32.    FACT:    Petitioner/Guardian has made a diligent search and inquiry on the presumption of the purportedly valid marriage to Respondent – RUBY PRATT, at the behest of CoPetitioner and cannot find any recorded evidence in this State at any local county recorder's office of any State for that matter, on Respondent/Pratt's purported APPLICATION for LICENSURE OF MARRIAGE where CoPetitioner recites to the best of his recollection states, "this was not a COVENANT MARRIAGE."

In addition, on information and belief, Respondent/Pratt (has since gone off the deep end by systematically gathering funds, redistributing and liquidating CoPetitioner's assets along with the aid of nepotistic relative, CoPetitioner's ½ Brother (two actors in concert), who aids and abets the diminution of the CoPETITIONER'S ESTATE as if the world were coming to an end and/or those portions which would be transferred by

operation of law to Petitioner/Guardian upon CoPetitioner's sudden and unforeseen demise. Whereas, Guardian/Petitioner is the natural biological daughter and sole heir of CoPETITIONER'S ESTATE and lays claim of/by Unlawful Conversion. (See Exhibit - _____.)(Property Listings)

<u>Black's</u> <u>Law</u> <u>Dictionary</u>, 6th Edition,

Definitions and "terms of art" associated with unlawful takings, conversion and equitable disseisin.

**Negotiation:** *"The transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary indorsement; if payable to bearer it is negotiated by delivery (UCC 3-201). The act by which a check or promissory note is put into circulation by being passed by one of the original parties to another person."* Ibidem, page 1036.

**Transfer:** *"To convey or remove from one place, person, etc., to another; pass or hand over from one to another; specifically, to change over the possession or control of (as, to transfer a title to land). To sell or give."* Ibidem, page 1497.

**Assign:** *"To transfer, make over, or set over to another. To appoint, allot, select, or designate for a particular purpose, or duty. To point at, or point out; to set forth, or specify; to mark out or designate; to particularize, as to assign errors on a writ of error; to assign breaches of a covenant."* Ibidem, page 118.

**Stolen:** *"Acquired, or possessed, as a result of some wrongful or dishonest act or taking, whereby a person willfully obtains or retains possession of property which belongs to another, without*
*or beyond any permission given, and with the intent to deprive the owner of the benefit of ownership (or possession) permanently."* Ibidem, page 1419.

**Bad faith:** *"The opposite of 'good faith', generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an*

*honest mistake as to one's rights or duties, but by some interested or sinister motive."* Ibidem, page 139

Black's Law Def. 8th Ed. (2008) p. 506-7 – " . . . . *equitable disseisin*: The wrongful deprivation of the equitable ownership, possession or fruits of ownership as stated in the case of: <u>United American</u> <u>Bank of Central Florida., Inc., v. Seligman</u>, 599 So. 2d. 1014 (Fla. 5th DCA 1992) n.3 the Court ruled that,

> "tort of conversion constitutes the exercise of wrongful dominion or control of the property to the detriment of the rights of its actual owner. The essence of the tort cause of action of conversion is the disseisin of the owner or interferences with legal rights incident to ownership, such as rights to possession." See also: 12 Fla. Jur. 2d Conversions and Replevin § 1 (2005).

33.    <u>FACT</u>:    Respondent's Et Al., do not enjoy immunity protection under the Eleventh Amendment nor are Guardian/Petitioner & CoPetitoner claims barred by the application of either Younger abstention and/or Rooker-Feldman doctrines.

<u>ANALYSIS</u>

The 11th Amendment argument by the Federal Court is, and has been decided. Guardian & CoPetitioner uses such cases to aid the Court's view in the instant action. *Kentucky v. Graham*, 473 US 159 - Supreme Court 1985. "The Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.

In *Printz v. United States*, 521 US 898 - Supreme Court 1997 ""It merits particular attention . . . that the laws of the Confederacy as to the *enumerated* and *legitimate* objects of its jurisdiction will become the supreme law of the land; to the observance

of which all officers, legislative, executive, and judicial in each State will be bound by the sanctity of an oath. Thus, the legislatures, courts, and magistrates, of the respective members will be incorporated into the operations of the national government *as far as its just and constitutional authority extends;* and will be rendered auxiliary to the enforcement of its laws." The Federalist No. 27, at 177 (A. Hamilton) (emphasis in original). See also: *Will v. Michigan Dept. of State Police,* 491 US 58 - Supreme Court 1989.

Furthermore, The Eleventh Amendment, ratified in 1795, states that,

> "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State..."

The Amendment was passed as a reaction to *Chisholm v. Georgia,* 2 U.S (2 Dall.) 419, 1 L.Ed. 440 (1793), where the Supreme Court found that it had jurisdiction when the executor of a South Carolina estate brought an action to recover the debt the state of Georgia owed his decedent.

The amendment recognizes that states have a certain degree of sovereign immunity. They are not mere subordinates to the federal government but instead virtual quasi-sovereigns. While the original Constitution gave the Supreme Court jurisdiction over States when non-citizens brought actions against them, the 11th Amendment was a legitimate change to the original Constitution, ratified by three-fourths of the states

and binding as a limit on judicial power. Only future amendments could abrogate such constitutional sovereign immunity.

Originally the 11th Amendment only forbade actions by non-citizens against a defendant state. But in *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890) extended the doctrine of such sovereign immunity, holding that the 11th Amendment barred suit even by citizens of that defendant state. All private parties were subject to the amendment, although other states and the federal government could still bring actions against a state.

Where Federalism had created a tension between state and federal sovereignty, the 11th Amendment had tried to resolve such tension in favor of the states. The result, however, was that states became virtually immune to federal law, since private parties could not sue. To avoid such problems, the Supreme Court eventually adopted the legal fiction of the Stripping Doctrine, which recognizes that private parties can sue state officers in their official capacity for injunctive relief.

**"The judicial power"**

Federal courts derive their power (jurisdiction) from Article III of our Constitution. That article creates one Supreme Court and such inferior federal courts (trial and intermediate appellate) as Congress ordains and establishes. The power exercised by federal courts is the "judicial power", the power to hear and decide "cases and controversies"

**...of the United States...**

By its terms, the 11th Amendment applies only to suits against States in federal courts. State courts can hear such cases, although the Supreme Court has found States not suitable in state court under 42 U.S.C. § 1983 (but not on 11th Amendment grounds).

**"...shall not be construed to extend..."**

The 11th Amendment recognizes a degree of sovereign immunity on the parts of the States. States are immune to actions brought by citizens in federal courts against them. But while the 11th Amendment provides States with such immunity from the outset, States can choose to waive their immunity. In certain circumstances such a waiver must be unequivocally expressed, while in others mere litigation waiver will suffice (i.e. the State chooses to remove the action from a state court to a federal court).

**"...to any suit in law or equity..."**

Nominally, the amendment provides immunity to States from actions in both law and equity (i.e. from both money damages and injunctive relief). But with the advent of the Stripping Doctrine, which allows citizens to sue state officials, the federal courts have drawn a line between injunctive and monetary relief.

Courts are willing to allow actions against state officers because foreclosure of such actions would ensure that no method existed of allowing enforcement of federal laws against the states. But they uphold the legal fiction that state officers can be sued in their official capacity even though they supposedly acted outside their official authority only to the extent of providing injunctive relief. Private parties cannot sue state officers in their official capacity for monetary damages, as such money would in reality come from the State treasury (depriving the states, as such, of their sovereign immunity). However, private citizens can sue state officers in their official capacity for injunctive relief and also bring monetary damage actions against them in their individual capacity.

**"...by Citizens of another State, or by Citizens or Subjects of any Foreign State**

On its face, the 11th Amendment allows a State immunity from actions by non-citizens and foreigners (nominally applied to diversity suits only, but now extended to federal question jurisdiction). However, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890) extended such sovereign immunity to actions brought by citizens of the defendant state as well. Now no citizen of the United States can sue a State. To ensure that States would not escape Federal law the courts created the Stripping Doctrine which allows citizens to bring actions against state officers in their official capacity for injunctive relief.

**Stripping Doctrine**

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court provided an important exception to the 11th Amendment sovereign immunity States enjoy: the Stripping Doctrine.

The Stripping Doctrine is a legal fiction which allows injunctive relief against what are essentially state actions. While the 11th Amendment immunizes States from actions by private parties, the Stripping Doctrine argues that when a state officer takes an unconstitutional action, he/she acts beyond the scope of their authority, as no State could have authorized his/her to act unconstitutionally. When acting outside such authority the officer was "stripped" of his/her official power and cannot invoke the State's immunity, although she remains subject to the consequences of her official conduct.

The doctrine is a legal fiction because the officer, in acting unconstitutionally, was outside his/her official duties, but the citizen can now sue he/she for injunctive relief in their official capacity. Unless a citizen can enjoin the action the officer took in their official capacity, no remedy could be provided for an otherwise unconstitutional action (as the State itself is immune from prosecution.

## Federal Criminal Trespass Held to Impose Strict Liability – Criminal Law – Liability Without Fault – Interpretation and Construction of Statutes.

*"It is familiar doctrine that the prohibition of a federal statute may not be set at naught, or its benefits denied, or by state statutes or state common law rules...To the federal statute and policy, conflicting state law and policy must yield." Sola Elec Co,. Jefferson Elec. Co.*, 317 US 173, 176 (1942); see *Vanston Bondholders Protective Comm. v. Green*, 329 US 156 (1946); *Clearfield Trust Co. v. United States*, 318 US 363 (1943); *Prudence Realization Co. v. Geist*, 316 US 289 (1942); *Dietrick v. Greaney,* 309 US 190, 200-201 (1940); *Awotin v. Atlas Exchange Nat'l Bank*, 295 US 209 (1935). Note: *Exceptions to Erie v. Tompkins: Survival of the Federal Common Law*, 59 Harv. Law Review 966 (1946).

Many federal question cases have applied state law to issues involving state-created rights where the result were of such application would not be contrary to a strong federal interest. E.g. *Helvering v. Stuart,* 317 US 154 (1942); *Blair v. Comm'r,* 300 US 5, (1936); *Security Mortgage Co., v. Powers,* 278 US 149 (1928); See *Prudence Realization Corp v. Geist,* 316 US 89, 95 (1942); *Huron Holding Corp., v. Lincoln Mine Operating Co.,* 312 US 183 (1941); *Kavanugh v. Fowler,* 146 F.2d 961 (6th Cir 1945); *United States v. Michaelson,* 58 F. Supp. 796 (D. Minn 1945).

> *"However, the interest of the state may not be too great, or in many instances unarticulated. In any event it can be argued that the federal policy of encouraging private anti-trust enforcement would override any contrary state policy."*

The **"Emoluments Clause"** of the Constitution does not provide immunity for Officials of Government lying in their "Official Capacity" now confirmed under *Hardwick V. Vreeken*, (2017). The clause was in fact written as a "Check and Balance Mechanism" to remove "Bad Actors" in government who through their Offices of Authority, under their color of authority, abuse that authority and inflict harm upon the citizens who deny fundamental Constitutional Protections. (See F.Crim.R.P Rule 11- Prosecutorial Misconduct)

## INJUNCTIVE RELIEF SOUGHT

Guardian/Robin McFarlin/McCandless prays for an EMERGENCY Order for Injunctive Relief (against all others) pursuant to FRCP RULE 65 because the continued interference and retaliation suffered by CoPetitioner and Guardian which interferes with Guardian's duties of caring for her ailing father, at both the hospital; extended acute care facility, respiration and rehabilitation facility, whether inpatient/outpatient. Documentation submitted along with this petition affirm the deplorable conditions CoPetitioner/McFarlin has endured outlined above and below that were reported by a forensic examiner against MINNEQUA MEDICENTER that gives rise to a series of criminal acts in violation of this States ELDER LAWS which should be enforced against every RESPONDENT ET AL, whether being deemed as fictitious entity and/or those 'individuals' under their employ, acting under color of law/title or office, who are placing him "at risk" of imminent danger due to continued placement of CoPetitioner at MINNEQUA MEDICENTER. Therefore, Guardian/Advocate makes lawful demand for this Court to issue EMERGENCY - Temporary Restraining Orders (ETRO) (against all others) where my father continues to suffer maltreatment by a few recalcitrant (unknown jane or john does) under the employ at MINNEQUA MEDICENTER, who continue allowing unfettered access to CoPetitioner against my wills or desires without prior approval and outside Guardian/Petitioner's immediate presence. (See Exhibit - _____.)(ER Notes)

## DECLARATORY RELIEF SOUGHT

Petitioner/Guardian also, makes LAWFUL DEMAND for a COURT APPOINTED CONSERVATOR/ECONOMIC RECEIVER pursuant to FRCP RULE 66 in order to obtain A CERTIFIED LIST within ten (10) business days for the immediate return and transfer of the asset/holdings of CoPetitioner's ESTATE which Guardian believes were unlawfully transferred to Respondent's (PRATT FAMILY TRUST) and/or CoPetitioner's ½ Brother – Respondents Raymond & Gerry Holt i.e. (HOLTS FAMILY TRUST) in attempts to hide assets/holdings of CoPetitioner, and place them beyond the reach of discovery (by this court). The scope of the investigation should encompass Respondent/Pratt's assets & liabilities just prior to and during the duration of employment and purportedly sham marriage to CoPetitioner – Delmer Dale McFarlin from 2000, to date, if any. (See Uniform Fraudulent Transfers Act (UFTA))

Whereas Respondent's (PRATT & HOLT), and RESPONDENT'S EXTENDED FAMILY MEMBERS along with the aid of nepotistic relatives are fully aware of the diminution and fleecing of CoPetitioner's Estate, including CoPetitioner's PROFESSIONAL & PERSONAL EFFECTS where Guardian prays that those acting in concert be held accountable to answer before this Honorable court for interference in furtherance of their objective to hinder, delay profiteer and deplete the assets upon which CoPetitioner/Delmer McFarlin relies for his immediate care, custody and well being.

CONCLUSION

Accordingly, the United States Supreme Court's decision in *Yick Wo supra*, agreed that flesh and blood people are sovereigns in their own right, not subject to legislative or administrative law. I am involved in a pending action currently before the CIRCUIT COURT of COLORADO (*sub nom*) re, <u>CS No. D512017PR30259</u>.

I have no contract with the county or STATE OF COLORADO CORP. ET AL, and I am sovereign man, a creation of GOD and am not made subject to administrative law or legislative law. This was proven in the United States Supreme Court case of *Yick Wo v. Hopkins*, 118 U.S. 356 (1886).

The purpose for legislative law or administrative law, which includes all codes, and regulations, are to regulate the actions and behavior of artificial entities, such as corporations, associations, organizations, political & governmental bodies, not flesh and blood people.

Justice Mathews states,

> *"Sovereignty itself is, of course, not subject to law, for it is the author and source of law; but in our system, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts."*

In addition, *"the assertion of Federal Rights, when plainly and reasonably made, is not to be defeated under the name of local practice."* See <u>Davis v. Wechsler</u>, 263 U.S. 22, 24 (1923).

WHEREFORE, Guardian/Robin McFarlin/McCandless hereby makes LAWFUL DEMAND for COMPULSORY JUDICIAL COGNIZANCE of RESPONDENT'S ET AL., mens rea, willful wanton, scienter, dilatory animus and actus rea and recites for and on the record, that the above named RESPONDENT'S ET AL, have exhibited a total disregard for the rights and property of another which constitutes sanctionable

criminal behavior to the extent of loss of liberty, property and/or proprietary interest and that BY ORDER of this HONORABLE COURT said request an investigation by a duly authorized U.S. Magistrate on these allegations and have Respondent - RUBY ANN PRATT *ens legis*, a/k/a Ruby Ann Pratt and possibly Respondent – RAYMOND L. HOLT *ens legis*, a/k/a Raymond L. Holt made a public charge via verified affidavit of information, warrant and true bill. Accordingly, after said appointment for an Economic Receiver/Conservator by this Honorable Court, I hereby make lawful demand that ALL ASSETS belonging to CoPetitioner and any slated for inheritance to (Me/Myself) be immediately returned to the status quo.

## OR IN THE ALTERNATIVE

Petitioner/Guardian and CoPetitioner prays that this Honorable Court next ON DUTY JUDGE to immediately: Have the COLORADO ATTORNEY GENERAL CERTIFY within twenty-four (24) hours under her own commercial liability, that the acts committed by Respondent's - Kelly Broomfield & Jennifer Whiteman of Colorado Adult Protective Services Corp., *sub nom*, are Constitutional utilizing the Expeditious Act. Otherwise;

GRANT an order directing Respondents PRATT & HOLT (within three business days) to immediately return the sum of $60,000.00 owed to CoPetitioner ($50,000.00 personal loan and $10,000.00 partial payment for sale of aforementioned cattle) be returned to the Corpus of CoPetitioner's Estate.

GRANT Guardian/Petitioner the initial capital sum of $40,000 along with the monthly stipend of $3500.00/mo., for CoPetitioner's basic needs.

GRANT Guardian/Robin McFarlin/McCandless the immediate care, custody and control of all CoPetitioner's assets and liabilities (inclusive of all), so that suitable housing can be obtained and bills paid to return CoPetitioner's Good Standing within the Community until he gains momentum to assert care, custody, control and dominion over his own affairs.

**THIS IS AN EMERGENCY! LIQUIDATION OF PLAINTIFF REAL CORPOREAL & PRIVATE PROPERTY INVOLVING THE CORPUS OF HIS ESTATE ARE BEING DEPLETED, TRANSFERRED AND EXHAUSTED!**

GRANT the enforcement of provisions recited in Item# 2., whereas, Respondent/Pratt is to return to the domicile within twenty-four (24) hours in a limited capacity (accompanied by a SHERIFF) in order to retrieve her personal belongings and move off CoPetitioner's PROPERTY AND APPLY EQUALLY WITH FULL FORCE AND EFFECT, SAID PROVISION AGAINST any and all of RESPONDENT'S EXTENDED FAMILY MEMBERS.

Along with said enforcement, with the aid of the SHERIFF, escort Respondent(s) Pratt & Holt to the BANK(S) for INSPECTION for the creation of a LEDGER of ANYTHING of VALUE. i.e. Cash, Stocks, Certificates; Insurance Policies Gold, Silver (hard currency), Gemstones, Collectibles, Deeds, Firearms/Ammunition, Promissory Notes, Heirlooms etc., etc.

Grant an Order and Injunction against Respondent(s) Et Al., BARRING anyone from further interfering in Guardian's wills or desires and rehabilitative efforts of CoPetitioner / father have CoPetitioner returned immediately (sua sponte) to the care and custody of Guardian/Advocate, so that she can concentrate on dedicating as much nurturing and loving care and affection in furtherance of the need for CoPetitioner's will to survive this critical - ill fated health condition.

GRANT any other relief this court deems just and proper.

Lastly, I wish to thank the presiding Judge for answering these questions and making a Declaratory Judgment in this case or controversy.

I declare under penalty of perjury the foregoing averments are true and correct to the best of my knowledge and belief.

Respectfully submitted,

Robin McFarlin/McCandless (bold by proxy) – Witness
for and on behalf of Delmer Dale McFarlin
"real party interest" / CoPetitioner
1438 US HWY 50
PENROSE, CO 81240
All rights reserved© - without recourse


Enclosures:


EXHIBIT _____          EXHIBIT _____.          EXHIBIT _____.

EXHIBIT _____          EXHIBIT _____.          EXHIBIT _____.

EXHIBIT _____          EXHIBIT _____.          EXHIBIT _____.

EXHIBIT _____          EXHIBIT _____.          EXHIBIT _____.

EXHIBIT _____          EXHIBIT _____.          EXHIBIT _____.

EXHIBIT _____          EXHIBIT _____.          EXHIBIT _____.

IN CAMERA - PHOTOS _____          POLICE REPORTS_____.

ADDENDUM

# ASSERVATION

**KNOW ALL MEN AND WOMEN BY THESE PRESENTS,** that I, Me, My, Myself, Robin McFarlin-McCandless, am a natural living, breathing, sentient serene woman living peacefully upon the land, being of sound mind and FIRST BEING DULY SWORN, willfully and voluntarily deposes and says, and as ACTUAL CONSTRUCTIVE or ADMINISTRATIVE NOTICE:

a) I, Me, My, Myself, am competent to handle matters and for stating the matters set forth herein and all matters must be expressed to be resolved. b) I, Me, My, Myself, have personal knowledge concerning the facts stated herein. c) All the facts stated herein are true, correct, complete, and certain, not misleading, made in good faith, admissible as evidence, and if stating as I, Me, My, Myself, shall so state.

This sworn, affirmed, subscribed, acknowledged, sealed, duly filed and recorded document is hereby deemed to be your "means of knowledge". The means of knowledge, especially when knowledge consists of published public records, is deemed in law to be "knowledge of the facts." Equality under the law is paramount and mandatory by law.

This Affidavit is freely and voluntarily made, affirmed, signed, sealed, duly filed, recorded and published in good faith, is not made under threat, duress or coercion and without deception for purposes of evasion. **Notice to Principal is Notice to Agents. Notice to Agents is Notice to Principals**. Published, recorded notice is notice to all.

I, Me, My, Myself, expressly reserve My unalienable right to amend, alter or repeal in parts or its whole this Affidavit at times and places of My own choosing, accordingly as new facts and revelations are made available to Me at various future times and places as yet unknown, and as yet to be determined.

Pursuant to Title 28 U.S.C. §1746(1) and executed "without the United States ", I, Me, My, Myself, affirm under penalty of perjury under the laws of the united states of America that the foregoing is true and correct, to the best of my current belief and informed knowledge has full force of law and does not have to be verified by Notary Public. See *Dickerson v. Wainwright*, 626 F.2d 1184 (1980).

and Further this deponent sayeth not.

I, Me, My, Myself, now affix My signature and official seal to all of the above with explicit reservation of all of my unalienable rights, without prejudice to any of those rights, pursuant to the UNIFORM COMMERCIAL CODE (UCC) 1 - 308 AND 1-103.

Respectfully submitted,

Robin McFarlin-McCandless (POA) / WITNESS

## AFFIDAVIT FOR ASSENT TO CONTRACT

BY ORDER of the COURT, The ECONOMIC EXPERT/RECEIVER pursuant to FRCP Rule 65 will continue and perform all nets requisite to faithfully carry out this appointment to advise the COURT on any unlawful conversions or transferences of said liquidated property's held in the name of RESPONDENT'S PRATT FAMILY TRUST, until such time CoPetitioner regains all his faculties to manage his own affairs. No affirmative action on the part of the undersigned is required. Once transferred, the general trustee/RECEIVER will continue to manage CoPetitioner's ESTATE (held in trust) and any reasonable charges, costs, fees, and expenses should be submitted to the COURT through the administrative process as a bill of expenses/invoice paid from the remaining corpus of CoPetitioner's ESTATE via this instrument, until such time CoPetitioner regains full care, custody, control and dominion over the remaining portions of his ESTATE.

**Limitations:**

This appointment is made for specific purposes, which includes:

1. receive service of processor regarding legal matters and other documents, instruments, bonds, or other important papers on behalf of the Trust
2. appropriately answer presentments in a timely manner
3. appear in court on behalf of the Trust in legal matters
4. appoint such other agents as are required to carry out the duties relative to this appointment
5. settle accounts as requested by the Undersigned
6. act as transfer agent for the Trust
7. maintain records regarding legal matters associated with the Trust
8. notify the Undersigned of important decisions the Fiduciary is making on a monthly basis or as need arises basis if lees than monthly
9. perform other duties as may be required regarding legal matters associated with the Trust
10. perform other duties as may be needed from time-to-time.

Guardian/Robin McFarlin/McCandless
for and on behalf of Delmer Dale McFarlin
All rights reserved©

# NOTARY AFFIRMATION

REPUBLIC OF COLORADO

IN THE TERRITORY _Denver_ _____                **JURAT**


Sworn to or affirmed the above document and signed before me on the 25 .

day of _August_ . , 2017 by: _Robin McFarlin ~McCandless_

Robin McFarlin-McCandless


_____ .

NOTARY PUBLIC or DEPUTY CLERK

> **MARK A. RUSS**
> **NOTARY PUBLIC**
> **STATE OF COLORADO**
> **NOTARY ID 20034017643**
> MY COMMISSION EXPIRES 6/28/2019

_____

(PRINT, TYPE, OR STAMP COMMISSIONED NAME OF NOTARY OR CLERK)

_____. Personally Known
__✓__. Produced Identification
_____. Type of identification produced


## NOTICE TO UNITED STATES AGENTS / OFFICERS


_THESE DOCUMENTS AND ENCLOSURES ARE NOT INTENDED TO HARASS, INTIMIDATE, OFFEND, CONSPIRE, BLACKMAIL, COERCE, CAUSE ANXIETY, ALARM OR DISTRESS, OR IMPEDE PUBLIC PROCEDURES. THEY ARE PRESENTED FOR LAWFUL PURPOSES PURSUANT TO AUTHORITY CITED THEREIN, FOR THE EXPRESS INTENTION OF ACHIEVING HONORABLE SETTLEMENTS. ANY AFFIRMATION CONTRARY TO THIS STATED INTENTION WILL COMPRISE YOUR STIPULATION TO COMMITTING A FRAUD UPON THE COURT._

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was served upon the interested parties this _____ day of _____, 2017 via electronic e-mail, FAX or U.S.P.S. First Class Mail.

_____

Robin McFarlin-McCandless

Alfred A. Arraj United States Courthouse
 901 19th Street, Room A105
Denver, CO 80294-3589
P: 303/844-3433
www.cod.uscourts.gov
Attn: JEFFREY P. COLWELL ESQ./CLERK

cc:
The Honorable Gilbert Ortiz C.P.A.
Clerk of the 10th Judicial District Court
In and for Pueblo County, CO
Pueblo County Courthouse
215 W. 10th Street
Pueblo, Colorado 81003
Fax: 719-583-4894

cc:
STATE OF COLORADO CORP.
C/O CYNTHIA COFFMAN ESQ.,
COLORADO ATTORNEY GENERAL
200 EAST COLFAX AVENUE
DENVER, CO 80203

cc:
CHIEF EXECUTIVE DIRECTOR : REGGIE BICHA
COLORADO DEPARTMENT OF HUMAN SERVICES CORP.
1575 Sherman St., 8th Floor
Denver, CO.  80203-1714
PH: 303.866.5700  | FAX: 303.866.5563
E-mail: cdhs_communications@state.co.us

cc:
EXECUTIVE DIRECTOR: STEVE CLIFTON
FREMONT COUNTY ADULT PROTECTIVE SERVICES CORP.
172 JUSTICE CENTER ROAD
CANON CITY, CO 81212, PH: (719) 275-2318; FAX: (719) 275-5209

cc:

Kelly Louise Broomfield
3112 ARROWHEAD DRIVE APT – A,
FLORENCE, CO 81226

cc:

CATHOLIC HEALTH INITIATIVES COLORADO FOUNDATION d/b/a CENTURA HEALTH - ST. THOMAS
MORE HOSPITAL - PROGRESSIVE CARE CENTER 1338 PHAY AVENUE
CANON CITY, CO 81212. Registered Agent: MARGARET SABIN, 1150 Kelly Johnson Blvd, Suite 204,
Colorado Springs, CO 80920

cc:

PARKVIEW FOUNDATION INC., d/b/a PARKVIEW HOSPITAL – PARKVIEW MEDICAL CENTER 400 W.
16th STREET, PUEBLO, COLORADO 81003. Registered Agent: LISA ANN SIEGEL

cc:

SSC PUEBLO OPERATING COMPANY, LLC d/b/a MINNEQUA MEDICENTER, 2701 CALIFORNIA,
PUEBLO, CO 81004; Registered Agent:  THE CORPORATION COMPANY, 7700 EAST ARAPAHOE ROAD
SUITE 220, CENTENNIAL, CO 80112-1286

cc:

COUNTY OF PUEBLO ADULT PROTECTIVE SERVICES CORP.
212 W. 12th Street
PUEBLO, CO 81003

cc:

Jenifer Whiteman
6092 ARGONNE POOK APT – D
COLORADO SPRINGS, CO 80902

cc:

Delmer Dale McFarlin C/O
MINNEQUA MEDICENTER
2701 CALIFORNIA STREET
PUEBLO, CO 81004

cc:

RUBY ANN PRATT
1031 ROCKAFELLOW COURT
CANON CITY, CO 81212

cc:

Ray & Gerry Holt
2077 BRICKWOOD DRIVE
COLORADO SPRINGS, CO 80918

JOHN OR JANE DOES 1 THRU 25 (reserved to amend as identities become known)

PARTIES NOT ENJOINED OR SERVED

CATHOLIC HEALTH INITIATIVES COLORADO FOUNDATION d/b/a - CENTURA HEALTH - PENROSE HOSPITAL is deemed a 'person' is subject to suit under the laws of this state with its principle place of business located at: 2222 N. NEVADA AVENUE, COLORADO SPRINGS, CO 80907. Registered Agent: MARGARET SABIN, 1150 Kelly Johnson Blvd, Suite 204, Colorado Springs, CO 80920

GENESIS HEALTH CARE is listed as a publically traded corporation on the Stock Exchange with sufficient minimum contacts between the forum state and THE STATE OF COLORADO, is deemed a 'person' subject to suit under the laws of this state with its principle place of business located at: 1685 SOUTH 21st St, COLORADO SPRINGS, CO, 80904 Contact Info: Genesis HealthCare Headquarters, 101 East State Street, Kennett Square, PA 19348: Phone: (610) 444-6350 : Fax: (610) 925-4000

CATHOLIC HEALTH INITIATIVES COLORADO FOUNDATION d/b/a CENTURA HEALTH PHYSICIAN'S GROUP HOSPITALIST ST MARY CORWIN is deemed a 'person' subject to suit under the laws of this state with its principle place of business located at: 1008 MINNEQUA AVENUE, PUEBLO, CO 81004. Registered Agent: MARGARET SABIN, 1150 Kelly Johnson Blvd, Suite 204, Colorado Springs, CO 80920

ROCK CANYON HEALTHCARE INC., 27101 PUERTA REAL, SUITE 450, MISSION VIEJO, CA 92691 is deemed a foreign registered entity established under the laws of NEVADA; d/b/a/ ROCK CANYON RESPIRATORY AND REHABILITATION CENTER, with a sufficient amount of minimum contacts between the forum state and THE STATE OF COLORADO, is deemed a 'person' subject to suit under the laws of this state with its principle place of business located at: 2515 PITMAN PL, PUEBLO, CO 81004. Registered Agent: National Registered Agents Inc., 1675 Broadway, Suite 1200, DENVER, CO 80202

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was served upon the interested parties this __25__ day of __Aug_____, 2017 via electronic e-mail, FAX or U.S.P.S. First Class Mail.

Robin McFarlin-McCandless

Alfred A. Arraj United States Courthouse
 901 19th Street, Room A105
Denver, CO 80294-3589
P: 303/844-3433
www.cod.uscourts.gov
Attn: JEFFREY P. COLWELL ESQ./CLERK

cc:
The Honorable Gilbert Ortiz C.P.A.
Clerk of the 10th Judicial District Court
In and for Pueblo County, CO
Pueblo County Courthouse
215 W. 10th Street
Pueblo, Colorado 81003
Fax: 719-583-4894

cc:
STATE OF COLORADO CORP.
C/O CYNTHIA COFFMAN ESQ.,
COLORADO ATTORNEY GENERAL
200 EAST COLFAX AVENUE
DENVER, CO 80203

cc:
CHIEF EXECUTIVE DIRECTOR : REGGIE BICHA
COLORADO DEPARTMENT OF HUMAN SERVICES CORP.
1575 Sherman St., 8th Floor
Denver, CO. 80203-1714
PH: 303.866.5700 | FAX: 303.866.5563
E-mail: cdhs_communications@state.co.us

cc:
EXECUTIVE DIRECTOR: STEVE CLIFTON
FREMONT COUNTY ADULT PROTECTIVE SERVICES CORP.
172 JUSTICE CENTER ROAD
CANON CITY, CO 81212, PH: (719) 275-2318; FAX: (719) 275-5209

Agent Initials Affixed _____ To Guard Against Page Substitution    66 | P a g e

cc:

Kelly Louise Broomfield
3112 ARROWHEAD DRIVE APT – A,
FLORENCE, CO 81226

cc:

CATHOLIC HEALTH INITIATIVES COLORADO FOUNDATION d/b/a CENTURA HEALTH - ST. THOMAS
MORE HOSPITAL - PROGRESSIVE CARE CENTER 1338 PHAY AVENUE
CANON CITY, CO 81212. Registered Agent: MARGARET SABIN, 1150 Kelly Johnson Blvd, Suite 204,
Colorado Springs, CO 80920

cc:

PARKVIEW FOUNDATION INC., d/b/a PARKVIEW HOSPITAL – PARKVIEW MEDICAL CENTER 400 W.
16th STREET, PUEBLO, COLORADO 81003. Registered Agent: LISA ANN SIEGEL

cc:

SSC PUEBLO OPERATING COMPANY, LLC d/b/a MINNEQUA MEDICENTER, 2701 CALIFORNIA,
PUEBLO, CO 81004; Registered Agent:  THE CORPORATION COMPANY, 7700 EAST ARAPAHOE ROAD
SUITE 220, CENTENNIAL, CO 80112-1286

cc:

COUNTY OF PUEBLO ADULT PROTECTIVE SERVICES CORP.
212 W. 12th Street
PUEBLO, CO 81003

cc:

Jenifer Whiteman
6092 ARGONNE POOK APT – D
COLORADO SPRINGS, CO 80902

cc:

Delmer Dale McFarlin C/O
MINNEQUA MEDICENTER
2701 CALIFORNIA STREET
PUEBLO, CO 81004

cc:

RUBY ANN PRATT
1031 ROCKAFELLOW COURT
CANON CITY, CO 81212

cc:

Ray & Gerry Holt
2077 BRICKWOOD DRIVE
COLORADO SPRINGS, CO 80918

JOHN OR JANE DOES 1 THRU 25 (reserved to amend as identities become known)

<u>PARTIES NOT ENJOINED OR SERVED</u>

CATHOLIC HEALTH INITIATIVES COLORADO FOUNDATION d/b/a - CENTURA HEALTH - PENROSE HOSPITAL is deemed a 'person' is subject to suit under the laws of this state with its principle place of business located at: 2222 N. NEVADA AVENUE, COLORADO SPRINGS, CO 80907. Registered Agent: MARGARET SABIN, 1150 Kelly Johnson Blvd, Suite 204, Colorado Springs, CO 80920

GENESIS HEALTH CARE is listed as a publically traded corporation on the Stock Exchange with sufficient minimum contacts between the forum state and THE STATE OF COLORADO, is deemed a 'person' subject to suit under the laws of this state with its principle place of business located at: 1685 SOUTH 21st St, COLORADO SPRINGS, CO, 80904 Contact Info: Genesis HealthCare Headquarters, 101 East State Street, Kennett Square, PA 19348: Phone: (610) 444-6350 : Fax: (610) 925-4000

CATHOLIC HEALTH INITIATIVES COLORADO FOUNDATION d/b/a CENTURA HEALTH PHYSICIAN'S GROUP HOSPITALIST ST MARY CORWIN is deemed a 'person' subject to suit under the laws of this state with its principle place of business located at: 1008 MINNEQUA AVENUE, PUEBLO, CO 81004. Registered Agent: MARGARET SABIN, 1150 Kelly Johnson Blvd, Suite 204, Colorado Springs, CO 80920

ROCK CANYON HEALTHCARE INC., 27101 PUERTA REAL, SUITE 450, MISSION VIEJO, CA 92691 is deemed a foreign registered entity established under the laws of NEVADA; d/b/a/ ROCK CANYON RESPIRATORY AND REHABILITATION CENTER, with a sufficient amount of minimum contacts between the forum state and THE STATE OF COLORADO, is deemed a 'person' subject to suit under the laws of this state with its principle place of business located at: 2515 PITMAN PL, PUEBLO, CO 81004. Registered Agent: National Registered Agents Inc., 1675 Broadway, Suite 1200, DENVER, CO 80202